## Richmond

FRANCES H. KEYSER

v.

DIRCK KEYSER

No. 0312-87-2

Decided December 6, 1988

COUNSEL

Ronald R. Tweel (Michie, Hamlett, Donato & Lowry, on brief), for appellant.

William G. Barkley (Pickford and Barkley, on brief), for appellee.

OPINION

COLEMAN, J.—This appeal addresses whether the trial court erred in failing to include as part of a monetary award a sum for one spouse's pension and retirement plan and in failing to award spousal support. The circuit court granted Frances Keyser a divorce on the ground of desertion, granted her a monetary award of $900 and denied her spousal support. She appeals the monetary award and denial of spousal support, contending that the court abused its discretion in failing to divide equitably the marital wealth and that the court applied an incorrect standard in denying spousal support. We agree and reverse both rulings.

Dirck Keyser and Frances Hurdman each had been widowed approximately four years when they married in December 1978. No children were born to their marriage. Mr. Keyser, who is now sixty years old, has three adult sons, two of whom were attending college and living away from home when the parties married. Mrs. Keyser, who is fifty-four, has an eighteen year old daughter attending college and a fifteen year old son at a private secondary school. Before their marriage, Frances Hurdman resided in Morristown, New Jersey, with her children. She is well educated and owned her home debt free. She chose not to work outside the home while her children were young. Her income was from investments and the inheritance from her first husband and from her children's social security survivor benefits. She had not been gainfully employed for a number of years prior to her marriage to Mr. Keyser. At the time of the marriage Dirck Keyser lived in Alexandria, Virginia and was employed by the United States Treasury Department at an annual salary of approximately $57,000. When they married Mrs. Keyser sold her home in New Jersey. She invested these proceeds in securities which she registered solely in her name, and she and her two children moved to Alexandria with Mr. Keyser. Shortly after the marriage Dirck Keyser sold his home and purchased a larger one in Alexandria to

accommodate the expanded family.

In 1982, after four years of marriage, Dirck Keyser retired in order to pursue doctoral studies at the University of Virginia. He sold his northern Virginia home and he and the family, which at the time included Mrs. Keyser's children, moved to a newly purchased home at Keswick near Charlottesville. Both parties contributed to the purchase of the Keswick home. Although marital problems had surfaced early during the marriage, it was not until after the move in 1982 and Mr. Keyser's retirement that the strained situation burgeoned into Dirck Keyser's desertion of his wife and the marriage. According to Mrs. Keyser even though the parties had discussed his desire for early retirement to pursue an academic career, his decision came as an unwanted surprise because her children had yet to be educated. She testified that one consideration which Mr. Keyser promised before marriage was to help educate her children. She points out that his children are now educated, his income has been reduced to $23,000 per year from his retirement and investments, and she has her children's educational expenses ahead of her.

In the divorce proceeding the parties agreed upon the value of the property as well as which property was marital and which was separate. They also agreed to divide equally the equity from the sale of their Keswick home, receiving approximately $56,000 each.[1] The Keysers were unable to agree upon a division of the remaining marital property and submitted to the court whether to grant a monetary award based upon the value of the remaining marital estate and their rights and equities in it. The agreed upon marital property consisted of that portion of Dirck Keyser's government retirement earned during the marriage,[2] valued at $104,000; jewelry worth $4,500; a $1,100 1984 Chevette automo-

---

[1] By agreement, Frances Keyser received an additional $9,600 from the Keswick sale. There was disagreement whether it was for her contribution from her separate funds for repairs at Keswick, moving expenses and/or her additional payment on the purchase price. Nevertheless, they agreed upon a division to settle their claims to the proceeds from the sale of the marital home.

[2] See McLaughlin v. McLaughlin, 2 Va. App. 463, 471-72, 346 S.E.2d 535, 539 (1986) (wherein a panel of the Court of Appeals approved classifying as marital property only that portion of a pension determined by the percentage of contributions during the marriage.) The 1988 amendment to Code § 20-107.3(G), while not enacted at the time, has defined "marital share" of a pension to mean, "that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties,

bile; a library worth $500; and a life insurance policy with a $300 cash surrender value—a marital estate of which had not been voluntarily distributed of $113,000. Except for some items of jewelry which Frances Keyser had, all other items of marital property were in the possession of and retained by Dirck Keyser. Each party at the time of the desertion had separate properties valued at between $180,000 and $200,000, exclusive of the portion of Dirck Keyser's retirement plans deemed separate properties. The parties agreed that the value of Mr. Keyser's pensions which were based on contributions prior to the marriage was not marital property. Frances Keyser's separate properties consisted of stocks and securities. Although the record does not detail the nature of Dirck Keyser's separate properties, they apparently included security investments and properties inherited from a relative during the marriage. The trial court granted a monetary award to Frances Keyser in the amount of $900 and announced as its reasons that she was entitled to one-half the value of the automobile or $550, one-half the library or $250; and one-half the cash surrender value of the insurance policy or $150—an aggregate monetary award of $900. Thus, Frances Keyser's share of the marital property consisted of that jewelry which she retained, plus $56,000 from the Keswick home and the $900 monetary award. Dirck Keyser retained certain jewelry, $56,000 from the marital home, the $104,000 marital portion of the pension, and the personal property valued at $1,800 for which the $900 monetary award was granted.

Frances Keyser does not challenge the trial court's monetary award to the extent it effectuates an equal division of the value of those marital assets included. She does, however, challenge the trial court's failure to include in the monetary award any sum for the $104,000 value of Dirck Keyser's government pension plan which they agreed was marital property because that amount represented contributions during the marriage.

■ We first review the monetary award because the spousal question may depend upon the resolution of that issue. *See* Code §§ 20-107.1(7) and (8). The trial court's findings must be accorded great deference. Its judgment will not be disturbed on appeal unless plainly wrong or without evidence to support it. Code

if at such time or thereafter at least one of the parties intended that the separation be permanent." Compare *Smoot v. Smoot*, 233 Va. 435, 357 S.E.2d 728 (1987).

§ 8.01-680; *Surbey v. Surbey*, 5 Va. App. 119, 123, 360 S.E.2d 873, 875 (1987).

> [T]he chancellor is necessarily vested with broad discretion in the discharge of the duties the statute [Code § 20-107.3] imposes upon him. Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

*Brown v. Brown*, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (quoting *Smoot v. Smoot*, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987)).

Classification and evaluation of the properties were agreed upon by the parties. The parties testified to how they divided the proceeds from the sale of the marital home. The trial court had the evidence concerning the agreed value and classification of all separate and marital properties essential for it to decide whether to grant a monetary award and, if so, the amount of such award based upon the factors listed in Code § 20-107.3(E). *See Gologanoff v. Gologanoff*, 6 Va. App. 340, 369 S.E.2d 446 (1988). Thus, our focus is not upon classification or evaluation of property. Rather, we decide whether the court erred in its consideration of the parties' rights and interests and equities in the marital property or of the factors listed in Code § 20-107.3(E) in granting a monetary award.

█ While the trial court has broad discretion in deciding whether to grant a monetary award, that determination must be based upon the equities and the rights and interests of each party in the marital property. Code § 20-107.3(D); *Brinkley v. Brinkley*, 5 Va. App. 132, 136, 361 S.E.2d 139, 140 (1987). Both parties are deemed to have rights and interests in the property acquired during the marriage which is classified as marital property. Code § 20-107.3(B); *Brinkley*, 5 Va. App. at 136, 361 S.E.2d at 140. Although those rights and interests do not attach to the legal title of the property, trial courts must consider them in determining a monetary award. *Id.*; Code § 20-107.3(E).

The court determined to grant a monetary award to Frances Keyser and did so. Thus, the question is not whether the court failed to make a monetary award, but whether it failed to properly consider the rights and interests each party had in the marital property, and whether it improperly considered any circumstances or failed to properly consider the enumerated statutory factors in determining the amount. In fashioning the monetary award, the trial court specifically reviewed each item of marital property and announced that the amount of the award to Frances Keyser represented one-half of the value of every item of marital property, except for Dirck Keyser's retirement plan. We have approved the approach of the trial court wherein the rights and equities of the parties in individual properties and their values are determined and an award is made by aggregating those separate values. *See McGinnis v. McGinnis*, 1 Va. App. 272, 276, 338 S.E.2d 159, 161 (1985). Although the court was aware that each party received approximately $56,000 in liquid assets from the sale of the Keswick home, nothing in the record indicates that the voluntary division of that asset influenced the decision to depart from its approach of determining the rights of the parties in the remaining assets. The trial court did not indicate that it denied the wife a sum for her interest in the pension because of the amount she received in the voluntary division. We find no reasonable explanation for denying her a monetary award based upon this approach. The court announced its ruling and reasoning for making no allowance for the retirement and pension, as follows:

"Suppose she hadn't married this man and had stayed in New Jersey. Financially, she's in the same identical position for all practical purposes today as she was then . . . . I don't see where her position financially has changed and this has worried me . . . . I just don't see where it changed . . . .

"Now, in this marriage, she has little, if any, longevity, as we put it. She was only married six years and she hasn't been hurt financially . . . and I don't think she's entitled to any support and maintenance. And she's certainly not entitled to any of this man's pension. I just, I just don't see where she's, she's given up nothing for this marriage. She's in the same position financially as she was the day she went into the marriage."

Nothing in the record indicates that the chancellor accorded any weight to the mandate in Code § 20-107.3(B) that Frances Keyser is deemed to have rights and equities in the value of the pension and retirement plan acquired by Dirck Keyser during the marriage. While the trial court does have discretion in deciding whether rights and interests and equities in marital property justify granting a monetary award, its award must bear a reasonable relationship to the facts and to the parties' rights and interests and the award, if any, must be based upon consideration of all the statutory criteria. When, as here, a marital asset is substantial in relation to the entire estate, an award cannot be permitted to stand which fails to accord the spouse some monetary value for his or her rights and interest in that asset, unless the justification for failing to do so is expressed or is apparent on the record. We fail to find legal justification in the reasons expressed by the trial judge or apparent from these facts.

██ Retirement and pension plans, by their nature and diversity, present unique problems when making a division of marital wealth under any equitable distribution statute.[3] Portions of the pension must be classified and valued as either marital or separate property depending on whether the contribution was before or during the marriage. *Sawyer v. Sawyer*, 1 Va. App. 75, 78, 335 S.E.2d 277, 280 (1985). The fact that $104,000 of the pension's value was based on contributions Dirck Keyser made during the marriage does not *ipso facto* entitle Frances Keyser to a monetary award, including a particular proportion or any sum for the pension. Code § 20-107.3(G); *but see Smoot*, 233 Va. at 442, 357 S.E.2d at 732 (1987). Indeed, in this case, a court could consider that Dirck Keyser's contributions to the pension were larger in the last years of his job which coincided with the marriage, and that the value of the separate portion of the pension was disproportionately smaller than the $104,000 value for the marital portion. That the trial court fashioned an award which equally divided the parties' interests in the other items of personal property does not bind the court to treat the parties' rights and equities in the pension in the same way nor does the parties' equal division of the

---

[3]  Code § 20-107.3(G) has been amended since the award in this case to provide for a monetary award from retirement benefits "in addition" to the award based on other marital property for which payment may be directed based on "a percentage of the marital share" as payable. *See Price v. Price*, 4 Va. App. 224, 355 S.E.2d 905 (1987) (which held prior to the amendment that pension award must necessarily be stated separately).

equity from the Keswick sale require the same or similar treatment of the pension by the trial court. In fact, by listing the factors in Code § 20-107.3(E), the legislature envisioned that consideration of the factors to various properties could justify different equities in each of the properties.

■ While Code § 20-107.3(B) confers upon Frances Keyser rights and equities in all marital property, including the pension, the Keysers' respective interests may not be equal. Furthermore, consideration of the various factors in Code § 20-107.3(E) may justify fashioning an award in a manner that allows no value for insignificant rights or equities in a retirement or pension plan. We have said, however, that the record must show that the chancellor gave substantive consideration to the rights and interests and equities of the parties and to the factors in Code § 20-107.3(E). *Woolley v. Woolley*, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). If this monetary award fails to take into account the rights and equities of the parties in all of the marital property or if the amount of the award is inexplicable or bears no apparent relation to the rights and interests and equities of the parties, or is based upon an improper circumstance, then it is not supported by credible evidence and cannot be upheld on appeal. *Brinkley*, 5 Va. App. at 136, 361 S.E.2d at 140.

■ Although the share of marital property which Frances Keyser received is substantial it was based primarily upon a voluntary division of one asset, the marital home. The only reasons which the trial court assigned for denying Frances Keyser an award which included any value of her husband's pension earned during the marriage was that the marriage was of relatively short duration and that Mrs. Keyser's financial condition at the end of the marriage was comparable to her condition at the time she entered the marriage. First, we hold that the fact that a party's financial condition is no worse when the marriage is dissolved than when the party entered the marriage is not a proper factor to deny the party an award based upon property acquired during the marriage. While Mrs. Keyser's financial condition was a factor to be considered in adjusting the parties' equities, the fact that her condition has not worsened does not justify denying her a monetary award based upon her interest in an item of marital property. Second, the only statutory factor which the record indicates that the trial court considered is the relatively short duration of the mar-

riage. We hold that this factor and the one improperly considered do not justify denying her any value for her rights and interest in the $104,000 pension.

We do not rule that applying the factors of Code § 20-107.3(E) requires that a monetary award must include a sum for one spouse's retirement or pension plan. We understand the ruling of the trial court in this case to be that the length of the marriage and the fact that Mrs. Keyser was able to maintain her net worth deprived her of her rights and equities in the pension. The trial court failed to consider her rights and interest in light of all the subsection (E) factors. We hold that Frances Keyser is deemed by statute to have rights and interests in the $104,000 marital asset and that the relatively short length of the marriage and her financial condition compared to that before her marriage are insufficient to exclude consideration of that asset under Code § 20-107.3(E). We remand the equitable distribution award with direction that the trial court consider the parties' financial conditions, but not consider that Frances Keyser's financial condition prior to the marriage had not worsened; on remand the court must apply all the factors under Code § 20-107.3(E) to Frances Keyser's rights, interests and equity in the marital property to determine whether she is entitled to a separate monetary award under Code § 20-107.2(G) based on the pension. We do not direct that the court must make an award from the pension but we hold that it erred in those factors which it did consider and failed to consider in concluding that the rights and interests did not entitle her to an award based on the pension.

The trial court will reconsider the issue of spousal support after deciding the issue of the monetary award. Because several issues appealed will be of import on remand, we address those here. In denying spousal support, the trial court also found that the marriage was of short duration and that Frances Keyser was in as good a financial condition after the dissolution of the marriage as she was before. The trial court must consider all statutory factors, not just the duration of the marriage, in determining spousal support. *Bristow v. Bristow*, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980). While a party's comparative financial condition before marriage and after divorce may demonstrate one's ability to support oneself, the court must consider the needs of each spouse in relation to each party's ability to provide for those needs and the

other spouse's ability or resources to provide for those needs. *Williams v. Williams*, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). The station to which a party may have grown accustomed during marriage is to be considered in determining support. Upon remand the trial court shall reconsider the request for spousal support in relation to the parties' reasonable needs and abilities to provide support.

*Reversed and remanded.*

Keenan, J., concurred.

Hodges, J., dissenting.

I respectfully disagree with the conclusion of the majority. Although in all probability I would have reached a different conclusion than the trial judge, I believe the majority have committed the grievous error of substituting their judgment for that of the trier of the fact. Upon review of the record, I cannot say as a matter of law that the trial judge erred. Accordingly, I would affirm.