## Salem

GEORGE DERBYSHIRE HUGER

v.

MARY ANABEL McCONNELL HUGER

No. 1575-92-3

Decided July 27, 1993

COUNSEL

Thomas C. Spencer (Spencer & Filson, on brief), for appellant.

Gordon F. Saunders (Bernard J. Natkin; Brian J. Kearney; Natkin & Heslep, on brief), for appellee.

OPINION

**MOON, C.J.**—George Huger (husband) seeks reversal of the trial court's equitable distribution award in favor of Mary Anabel McConnell Huger (wife). We reverse, holding that: (1) the shares of stock in the two family companies received by husband from his brother and father as a gift prior to the parties' marriage, and the shares received from his father as a gift during the marriage are separate property, and (2) the trial court erred when entering its equitable distribution order *nunc pro tunc*.

We further hold that (1) the trial court correctly classified the shares of stock received by husband from his mother pursuant to a written

contract involving marital funds as marital property; (2) Rule 5A:18 bars the issue of whether $23,000 spent by wife for a gift to the parties's daughter was separate property; (3) the clean hands doctrine does not apply in spousal support issues because it is not one of the statutory factors listed in Code § 20-107.1; and (4) the trial court properly considered the factors of Code § 20-107.1(3) in determining a spousal support award.

The parties were married on July 25, 1964. Wife filed a bill of complaint seeking a divorce on June 16, 1989. By agreement of the parties, the proceedings were bifurcated and a final decree of divorce was entered on January 4, 1991, granting husband a divorce based upon separation of the parties for more than one year. The decree of divorce incorporated a stipulation by the parties and counsel for the parties that husband was at fault for the dissolution of the marriage and would be liable for spousal support.

The trial court issued its letter opinion providing for a monetary award for wife on October 2, 1991, after the trial court heard evidence *ore tenus* on September 13, 1991 and September 20, 1991 for the purpose of determining the marital property of the parties and the value of the marital property. After a final hearing was held on December 16, 1991 to adjust the values, the trial court entered its final equitable distribution award on January 7, 1992, *nunc pro tunc* as of December 23, 1991.

On April 22, 1992, the trial court denied husband's March 27, 1991 motion to invoke the "clean hands doctrine" to deny spousal support, and found that as a matter of law the question of spousal support was not a proceeding in equity and further that the jurisdiction of the court in such cases was limited to the mandatory statutory provisions of Code § 20-107.1.

A final order was entered on July 8, 1992, from which husband appeals.

I.

Husband contends that 451 shares of stock received from his father during his marriage should be classified as separate property pursuant to Code § 20-107.3(A)(1)(ii) and not marital property as the trial court found. Husband also contends that 40 shares of stock of the Lexington Company received from the estate of his deceased brother, and 85 shares of stock of the same corporation received from his father prior

to his marriage should be classified as separate property and not marital property as the trial court found. We agree with both of these contentions.

Husband contends that the 451 shares of stock given during the marriage by the father were intended as a gift. Husband states that these shares were titled only in his name, and were always intended to be separate property. Wife presented no evidence contrary to husband's evidence that the 451 shares from his father's gift were intended to be separate property.

■ The trial court concluded that the husband did not overcome the presumption that the 451 shares acquired during the marriage were marital property. "Property acquired during marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property." *Bowers v. Bowers*, 4 Va. App. 610, 615, 359 S.E.2d 546, 549 (1987) (citation omitted).

However, in *Stainback v. Stainback*, 11 Va. App. 13, 396 S.E.2d 686 (1990), we held that if the donee presents sufficient evidence to rebut the statutory presumption of marital property, and the other party presents no evidence to the contrary, as in this case, the presumption is rebutted. Accordingly, we hold that husband rebutted the presumption that the 451 shares of stock from his father given during the marriage were marital property.

■ Next, we must determine whether the shares of stock from husband's father and brother given to husband before the marriage, and the 451 shares from his father given during the marriage, were transmuted into marital property as a result of the efforts of either party during the marriage.[1] "[W]here a spouse fails to separate and instead commingles separate property with marital property, the chancellor must classify the commingled property as marital property under the doctrine of transmutation." *Pommerenke v. Pommerenke*, 7 Va. App. 241, 248, 372 S.E.2d 630, 633-34 (1988). "Code § 20-107.3(A)(1)(iii) . . . may not bar the transmutation of separate property to marital property when there is an appreciation in value of the separate property due to the efforts of either or both of the parties

---

[1] The 40 shares of stock from brother's estate and the 85 shares from father received by husband *prior* to the parties' marriage are separate property pursuant to Code § 20-107.3(A)(1)(i), unless such property becomes transmuted into marital property pursuant to Code § 20-107.3(A)(3)(a).

during the marriage." *Lambert v. Lambert*, 6 Va. App. 94, 104-05, 367 S.E.2d 184, 190 (1988).

The evidence reveals that the shares of stock given by husband's father and brother prior to the marriage, and the 451 shares given by husband's father during the marriage, did *not* appreciate due to efforts of either husband or wife. Husband and wife did not own a majority of the stock in the two corporations, and, thus, did not have unbridled discretion over the assets. Expert testimony revealed that both companies were only operating at one-third of their operational capacity. Husband was paid an average annual salary of $238,932 beginning in 1985 and the wife was paid an average of $23,000 annual salary for her contributions to the company for the several years of her employment prior to the separation. The evidence failed to show that the stock received any enhancement in value due to parties' efforts that was not otherwise fully compensated for by the corporation.

Thus, we hold that the evidence fails to support a finding that the shares of stock received from father and brother were transmuted into marital property.

## II.

Husband also contends that the trial court erred when entering its equitable distribution award of January 7, 1992, *nunc pro tunc* as of December 23, 1991. The final award had not been announced on December 23, 1991; therefore, it was error to enter the order *nunc pro tunc*. The purpose of a *nunc pro tunc* order is to correct a clerical error or mistake and may not be used to create that which did not occur. *See Dorn v. Dorn*, 222 Va. 288, 291, 279 S.E.2d 393, 394 (1981); *Spicer v. Spicer*, 192 Va. 105, 109, 63 S.E.2d 773, 776 (1951).

## III.

Husband also asserts that 1,967 shares of the Lexington Company and 2,160 shares of the Staunton Company transferred from husband's mother to husband were separate property. This Court held in *Stainback v. Stainback*, 11 Va. App. 13, 396 S.E.2d 686 (1990), where a husband borrowed money from his father to buy shares of stock, the stock was marital property and not a gift, because the husband was liable on the note had the father died and, thus, the exchange was for consideration.

Here, the trial court reached the same conclusion. The facts indicate that husband received his mother's stock upon signing a promissory note for $71,547 bearing interest at seven percent per annum. If husband's mother called the note, the debt incurred during the marriage would have been paid out of the marital estate.

We hold this exchange was not a gift, and the trial court was correct in concluding that the stock received from the mother was marital property.

## IV.

Husband is barred on appeal from raising the issue of whether the trial court erred in finding that a horse that wife bought for their daughter for $23,000 was separate property. Husband did not object to the trial court's finding on this issue in his exceptions to the court's findings of July 8, 1992. *See* Rule 5A:18.

## V.

We find no merit to husband's contention that the clean hands doctrine should apply in determining spousal support issues.

In *Westbrook v. Westbrook*, 5 Va. App. 446, 364 S.E.2d 523 (1988), we held that the power to grant divorces in Virginia is purely statutory. The many limitations placed upon divorce suits by statute "differentiate the divorce case from ordinary suits in equity and render it a chancery cause *sui generis.*" *Id.* at 455-56, 364 S.E.2d at 529. *Westbrook* reasoned that the clean hands doctrine did not apply to an equitable distribution proceeding because the relevant statute, Code § 20-107.3, imposes a mandatory duty upon the court in making its decision to consider certain enumerated factors and does not provide for any equitable considerations, such as the clean hands doctrine. *Id.* at 457, 364 S.E.2d at 530.

Similarly, Code § 20-107.1 imposes a mandatory duty upon the court to consider specific factors in determining spousal support, and does not provide for equitable considerations, such as the clean hands doctrine. In accordance with the mandatory language of Code § 20-107.1, the court must consider the circumstances and factors that contributed to the dissolution of the marriage. If the court determines that a spousal support award should be made, it shall consider only the enumerated factors in determining the amount of an award.

Accordingly, we hold that the clean hands doctrine does not apply to the determination of a spousal support award pursuant to Code § 20-107.1.

## VI.

Husband contends that the trial court did not properly consider the standard of living of the parties in determining the spousal support award, and, as a result, awarded the wife an excessive award when compared to their "conservative" lifestyle.

"When a [trial] court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.' " *Poliquin v. Poliquin*, 12 Va. App. 676, 679, 406 S.E.2d 401, 403 (1991). We find no abuse of discretion by the trial court because all of the statutory factors were discussed in detail in the court's May 15, 1992 opinion.

## Conclusion

We hold that the shares of stock received by husband from his father and brother are separate property, and that the January 7, 1992 order should not have been entered *nunc pro tunc*. The case is remanded for redetermination of the equitable distribution award consistent with this opinion and also for redetermination of the spousal support award should it be required because of any significant changes in the equitable distribution award.

*Reversed and remanded.*

Barrow, J., and Koontz, J., concurred.