COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


JERRY HOWARD JUMP

v.          Record No.  1043-95-1          MEMORANDUM OPINION[*]
                                           BY JUDGE JOSEPH E. BAKER
PATRICIA COLLINS JUMP                      FEBRUARY 6, 1996

            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                       AND COUNTY OF JAMES CITY
                    Samuel T. Powell, III, Judge

          Lawrence D. Diehl for appellant.

          Willafay McKenna (McKenna & Konstantinou, on
          brief), for appellee.


     In this appeal from a decree of equitable distribution by

the Circuit Court of the City of Williamsburg and County of James

City (trial court), Jerry Howard Jump (husband) contends that the

trial court erroneously classified certain parcels of real estate

as marital property and failed to give proper credit against the

marital estate for marital debts.  Finding no error, we affirm

the judgment of the trial court.

     As the parties are familiar with the facts contained in the

record, we reference only those pertinent to our reason for

affirming the decree.

     In reviewing an equitable distribution award on appeal, we

recognize that the trial court's job is a difficult one.

Accordingly, we rely heavily on the discretion of the trial judge

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

in weighing the many considerations and circumstances that are presented in each case. Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 813, 815 (1987). The trial court's judgment will not be disturbed unless plainly wrong or without evidence to support it. Keyser v. Keyser, 7 Va. App. 405, 409, 374 S.E.2d 698, 701 (1988); Code § 8.01-680. Fashioning the award lies within the sound discretion of the trial court and will not be set aside in the absence of the complaining party showing by the record that an abuse of discretion has occurred.

In the case before us, the property was titled in the joint names of the parties, with the right of survivorship, and presumptively should be classified as marital; however, that presumption may be rebutted by presentation of sufficient evidence. Huger v. Huger, 16 Va. App. 785, 788, 433 S.E.2d 255, 257 (1993). Here, the trial court's finding discloses that it rejected husband's contention that the presumption had been rebutted. Its finding is supported by the record.

Patricia Collins Jump (wife) and husband became liable on a $100,000 note secured by the subject real estate. The property was later conveyed by a deed to third parties who, as a part of the consideration, agreed to discharge the $100,000 debt secured by that property. The third parties failed to make the required payments and, in lieu of foreclosure, conveyed the property back to husband and wife as tenants by the entirety with the right of survivorship. We cannot say the trial court was plainly wrong,

abused its discretion, or that its decision was without evidence to support its finding that the subject real estate is marital property. Moreover, under the facts in this record, nothing contained in Code § 20-107.3(A)(3)(f) or (g) requires a different conclusion.

The remaining issues raised by husband involve trial court discretion. We cannot say that the record discloses abuse of trial court discretion. Moreover, even if applicable to this cause, we are not bound by the unpublished opinions cited by counsel for husband.

Accordingly, the judgment of the trial court is affirmed, reserving to wife the right to apply to the circuit court for such further fees and costs, if any, as that court may deem equitable.

<u>Affirmed.</u>