COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

HOWARD MACK BROADNAX

v.   Record No. 2749-96-3

DORIS ANN BROADNAX

MEMORANDUM OPINION[*]
PER CURIAM
MAY 6, 1997

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
William N. Alexander, II, Judge

(J. Grady Monday; Monday & Monday, on brief),
for appellant.

(Robert T. Vaughan, Jr.; Daniel, Vaughan,
Medley & Smitherman, on brief), for appellee.


Howard Mack Broadnax (husband) appeals the decision of the circuit court equitably dividing the parties' marital property and awarding spousal support to Doris Ann Broadnax (wife). Husband contends the trial court erred by (1) finding wife owed no additional payment to husband for his share of the parties' marital property; and (2) awarding wife spousal support. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Equitable Distribution

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal."  Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

The parties have lived separate and apart since 1988.  The parties agreed that the total net value of the marital property was $21,382.46.  Husband possessed property worth $5,210.  Wife possessed property worth $16,172.46.

During the parties' separation, the parties encumbered the marital residence with a $5,000 second deed of trust.  Husband testified he used $168 of this money for himself, purchased a trailer for $2,000, and used the remaining $2,832 to make mortgage payments on the marital home.  The parties' son testified that he knew his father made mortgage payments.  However, wife testified that husband did not make mortgage payments with the $2,832 balance but spent the money for his personal benefit.

The trial court believed wife's testimony.  "Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).  The trial court, as the finder of

fact, was entitled to determine "the weight which should be given to evidence and whether the testimony of a witness is credible." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The trial court found that husband had already received the benefit of $5,000 of marital assets and that, as a result, wife was not required to make an additional transfer of marital property to husband. The court also assigned to wife the majority of the outstanding marital debt. The court's decision was based upon its credibility determinations. Therefore, the ruling will not be reversed on appeal.

## Spousal Support

The determination whether a spouse is entitled to support and, if so, how much, is a matter within the discretion of the trial court and will not be disturbed on appeal unless it is clear that some injustice has been done. See Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). "'When a [trial] court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination "will not be disturbed except for a clear abuse of discretion."'" Huger v. Huger, 16 Va. App. 785, 791, 433 S.E.2d 255, 259 (1993) (citations omitted).

The trial court considered the statutory factors, including the parties' respective expenses. Husband earned $9.30 per hour, working approximately forty hours per week, with monthly expenses of $968, which included $210 in spousal support. Wife earned

3

$6.10 per hour working forty hours per week, with monthly expenses of $1,718.22.  Although wife worked additional hours of overtime in the calendar year up to the time of trial and earned $13,477, no evidence proved the overtime was a permanent feature of her employment.

Husband contends that wife's monthly mortgage expense of $430 is unreasonably high due in part to the twenty-one percent interest on the second deed of trust on the marital home.  He also alleges, without specificity, that wife's remaining expenses appeared to be excessive.  However, even if wife eliminated her mortgage payments, her net monthly income of $671 would fall far short of her expenses.  Therefore, husband has not demonstrated any abuse of discretion in the court's award of $250 in monthly spousal support.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>