COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


JOHN STEVENS NORRIS, JR.

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1742-96-1    JUDGE SAM W. COLEMAN III
                                         AUGUST 5, 1997
AMY ANN NORRIS


         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                E. Preston Grissom, Judge Designate

         John Stevens Norris, Jr., pro se.

         James R. McKenry (Heilig, McKenry, Fraim &
         Lollar, on brief), for appellee.


     In this domestic relations appeal, John Stevens Norris
(husband) contends that the trial court erred by: (1)
miscalculating the husband's gross income for purposes of child
and spousal support; (2) considering the parties' 1994 joint tax
return, which was not entered into evidence; (3) counting fee
distributions from the husband's former law firm as assets for
equitable distribution purposes and as income for support
purposes; (4) improperly valuing the husband's share in his
former law firm for equitable distribution purposes; (5)
affirming a visitation schedule in which the parties' children
spend every Christmas Eve and Christmas morning with the mother;
(6) awarding the wife spousal support; and (7) awarding the wife
attorney's fees. For the reasons that follow, we affirm the

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

trial court's decision.

## DETERMINATION OF HUSBAND'S GROSS INCOME

Husband contends that the trial court miscalculated his 1994 income and, thereby, erred in calculating child support, spousal support, and the allocation of medical and educational expenses for the children.

"Decisions concerning both [spousal and child] support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).

In calculating the husband's income, the commissioner considered the husband's income history of having earned $150,000 to $175,000 per year from 1988 through 1992, income of $144,960 for 1993, and income of $150,000 for 1994. However, the commissioner recognized that the husband's 1993 and 1994 income was inflated by "capital gains, rents and royalties" from his former law firm which would not be income expected in the future. Finding that "the husband's earning potential was greater when he was a member of the firm of Anderson, Norris, and Geroe[,] which is no longer in existence," the commissioner determined that the husband's annual earnings, for purposes of computing his support obligations, was $92,000.

In computing a party's gross income from which child support obligations are calculated, it is necessary to include "all

income from all sources." Code § 20-108.2(C). Although not expressly provided by statute, in determining spousal support a court shall consider all income of the parties. In addition, a spouse's earning capacity shall be considered, which will be based upon the parties' current circumstances. Code § 20-107.1; Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987).

Husband testified that, as to $120,000 of his 1994 income from his firm expressed on the husband's W-2, $58,000 was "phantom" income that he never received. He did not receive $58,000 or its equivalent, but instead received a $58,000 promissory note from his law firm. The transaction at issue consisted of a payment of $58,000 by check from the firm to husband for income that he had earned and then a loan back to the firm from husband for $58,000. At the time the firm did not have sufficient funds to pay the check, thus, this was a paper accounting transaction. The commissioner acknowledged that the husband did not receive $58,000 in expendable funds and found that he would not have the benefit of the funds until the firm paid the promissory note.

We hold that the commissioner did not err by finding all or part of the $58,000 to be earned income to the husband. The $58,000 was income that the husband had earned, was entitled to receive, and did receive. The fact that the husband, as sole shareholder of the corporation, and the law firm used firm assets for purposes other than paying the husband's salary and treated

his earnings as a loan to the firm does not change the fact that husband had $58,000 earned income. As with voluntary deferment of income, the $58,000 loan from the husband to the firm was a voluntary diversion of his funds to the corporation, nevertheless, the commissioner properly considered it as income to husband. See Frazer v. Frazer, 23 Va. App. 358, 378-79, 477 S.E.2d 290, 299-300 (1996).

The husband's next contention, that the commissioner based husband's earning potential on the income he earned from his old firm and not the newly formed firm, is without merit. The record clearly shows that the commissioner considered the husband's decreased earning potential with a new firm in determining his earning capacity. In determining the husband's gross income, the commissioner stated that "the husband's earning potential was greater when he was a member" of a larger law firm. Moreover, the amount that the commissioner determined to be the husband's gross income was significantly lower than the husband's reported taxable income for the years 1988 through 1994. Thus, upon our review of the record, we find that the commissioner considered the husband's change in circumstances as pertained to his employment when the commissioner determined the husband's gross income.

### CONSIDERATION OF 1994 TAX RETURN

The husband asserts that the commissioner improperly considered the parties' 1994 joint tax return, which included

income from the wife's capital assets and her business pursuits. The husband contends that the tax return was not admitted in evidence as an exhibit, but rather, was submitted to the commissioner ex parte.

The husband does not point to any portion of the record that indicates the trial court relied on the 1994 income tax return. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

### EQUITABLE DISTRIBUTION

In reviewing an equitable distribution award on appeal, we accord the trial court's findings great deference. Accordingly, we will not disturb the trial court's decision unless plainly wrong or without evidence to support it. Keyser v. Keyser, 7 Va. App. 405, 409, 374 S.E.2d 698, 701 (1988).

### A. "Double Dip"

Husband contends that the trial court erred by considering his share of the fees received from his former law firm as intangible assets available for equitable distribution and then considered the same funds as income for purposes of spousal and child support.

To the extent that the collected fees were assets that the

husband owned and had available as marital property, the trial court did not err in considering that asset as part of the marital estate for purposes of equitable distribution. Code § 20-107.3(A)(2); cf. Moreno v. Moreno, 24 Va. App. 190, 480 S.E.2d 792 (1997). Furthermore, the fees that a person earns and collects are part of earned income and are to be considered in determining both spousal and child support. The fact that earned income is used as the basis for determining and paying support, and that retained income may be an asset for equitable distribution, does not constitute "double dipping." Equitable distribution divides assets that have been accumulated from the past, which may include earned income; child and spousal support are concerned with payments from future income that is determined or projected from past earnings and earning capacity.

B. Valuation of Husband's Interest in Former Law Firm

Husband received $37,883 in fees from his former law firm between the date of the parties' separation and the commissioner's hearing. He contends that the trial court erred by considering those funds as assets for equitable distribution purposes because he used the funds to pay for living expenses. In the alternative, he argues that the circuit court should have remanded the case to the commissioner to accept additional evidence on whether the parties had agreed that the distributions husband received from his former law firm would not be considered for purposes of retroactive support to the wife in exchange for

- 6 -

husband's abandonment of his interest in the marital assets in wife's possession at the time of separation.

"[T]he burden is on the party who last had the funds to establish by a preponderance of the evidence that the funds were used for living expenses or some other proper purpose" in order to have them removed from consideration for equitable distribution. Clements v. Clements, 10 Va. App. 580, 587, 397 S.E.2d 257, 261 (1990). The trial court found, after reviewing the record, that "the mortgage payments, credit line payment, and taxes paid by Mr. Norris were paid from funds in his possession at the time of separation and not from distributions he later received" from his old law firm. Because this finding is supported by the record, we will not reverse it on appeal.

As to the husband's contention that the trial court should have remanded the issue to the commissioner for further findings on the terms of the parties' agreement, the trial court does not err by refusing to remand a case for additional evidence where the parties have had a full opportunity to present evidence on an issue. See Clements, 10 Va. App. at 586, 397 S.E.2d at 260 ("Reviewing courts cannot continue to reverse and remand . . . cases where the parties have adequate opportunity to introduce evidence but have failed to do so.").

### SPOUSAL SUPPORT

Husband contends that the trial court erred in awarding the wife $1,000 per month in spousal support. However, the record

proves that the trial court considered all the factors enumerated in Code § 20-107.1 in arriving at the spousal support award and credible evidence supports the award.  Thus, we will not overturn the spousal support award on appeal.  See Steinberg v. Steinberg, 11 Va. App. 323, 329, 398 S.E.2d 507, 510 (1990).

## VISITATION

"A decision affecting visitation is left to the sound discretion of the trial court and will not be reversed absent a showing of an abuse of discretion." Carrico v. Blevins, 12 Va. App. 47, 48, 402 S.E.2d 235, 236 (1991).

The commissioner recommended and the trial court found that, in order to promote the best interests of the children, the wife should have custody of the children every Christmas Eve and Christmas morning so that the children could spend the holiday with their step-sister, wife's child by a previous marriage. Husband was awarded visitation from noon on Christmas Day until 5:00 p.m. on the day before he must next return to work. Although alternating the custody/visitation arrangement between the respective parents every other Christmas may arguably be equitable, we cannot say that the trial court abused its discretion by considering as a significant factor that the siblings should be together on this holiday. Thus, we affirm the trial court's decision.

## ATTORNEY'S FEES

"An award of attorney's fees to a party in a divorce suit is a matter for the exercise of the trial court's sound discretion after consideration of the circumstances and equities of the entire case." Ellington v. Ellington, 8 Va. App. 48, 58, 378 S.E.2d 626, 643 (1989).

The commissioner recommended that husband pay $9,890 of the

wife's attorney's fees, which totaled approximately fifty percent of the wife's total fees. The evidence proved that the wife was entitled to spousal support and maintenance and that the husband was financially able to meet those needs. Thus, the award of attorney's fees does not constitute an abuse of discretion.

For the foregoing reasons, we affirm the trial court's decision.

<u>Affirmed</u>.