COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


SCOTT D. WHITMORE

                                          MEMORANDUM OPINION[*]

v.       Record No. 1644-10-4                         PER CURIAM
                                           FEBRUARY 22, 2011

BARBARA A. WHITMORE


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas B. Horne, Judge

(Rachel Fierro; The Herndon Law Firm, PLC, on briefs), for
appellant.

(Daniel J. Travostino, on brief), for appellee.


Scott D. Whitmore, husband, appeals a decision by the trial court awarding the parties' dog

to Barbara A. Whitmore, wife.  On appeal, husband presents thirteen assignments of error

challenging the trial court's decision.  Upon reviewing the record and the briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule

5A:27.


BACKGROUND

The parties were married in 2002 and had no children during the marriage.  In 2006, they

acquired a Welsh Corgi puppy (the dog) from a local pet store.  They paid approximately $750 for

the dog, and both of their names are on the dog's American Kennel Club registration certificate.

The parties separated in April 2009 when husband moved out of the marital residence.  The dog

remained in the marital residence for most of the parties' separation, and husband had possession of

the dog for periods of time during the first year of separation.  Wife testified that "it was our

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

understanding per our discussion that [the dog] would live with me" after the separation. Husband testified that at the time he left the marital home, the parties agreed the dog would remain at the marital home with wife. However, he also stated that he believed wife would agree to share possession of the dog with him. The home in which the parties resided during the marriage was wife's separate property which she continued to own and occupy after the divorce. Husband testified he has been renting a home that has a large fenced yard for the dog.

Wife presented evidence that the dog was a gift to her from husband. Husband testified he first saw the dog in the pet store and he told wife about the dog. Husband and wife subsequently went to the pet store together to purchase the dog. Husband contends the dog was a joint purchase, not a gift solely to wife.

Both parties worked during the marriage, and they both contributed to the care, training and maintenance of the dog. Wife most often took the dog to the veterinarian and during a time period when the dog was hospitalized for five days, wife visited the dog several times per day. Husband did not visit the dog in the hospital, but he testified he chose not to do so because he did not want to excite the dog while she was ill.

Wife testified she paid the $4,000 hospital bill associated with the dog's hospitalization and most of the subsequent veterinary bills with the exception of one or two occasions when husband took the dog to the veterinarian. Husband testified that he paid the bills for the dog's hospital stay and treatment.

Wife travels for work an average of four to six days per month, and she employs a pet service to walk and care for the dog during her absence from home. She testified she spends about $350 per month for the service. When she is not traveling, wife works out of her office located in her home. Wife testified she did not want to share possession of the dog with husband because he "destroyed our marriage by having an affair" and she did not want him in her life.

Both husband and wife testified they love the dog and they considered her to be a family member. Both parties presented evidence that they had a strong bond with the dog.

Husband requested that the trial court award him sole possession of the dog or award shared possession of the dog and establish a visitation schedule.

The trial court ruled that the equitable distribution statute, Code § 20-107.3, applied to the case. The court further found that the dog was a marital asset and marital property. The trial court found that both parties contributed to the maintenance and the acquisition of the dog and both had played a significant role in the life of the dog "up to this point in time, but the dog has remained with the wife . . . ." The trial court reasoned that it is "ill-advised" to have visitation or shared custody of an asset. The trial court held that because the dog had always resided with wife, it awarded the dog to wife and awarded $750, the cost of the dog, to husband so that he could acquire a dog "of like kind." Husband appeals the trial court's decision.

## ANALYSIS

### Assignments of Error I through III

Husband argues the trial court misapplied its analysis of Code § 20-107.3 in determining that the monetary value of the dog was the only method of distribution of the asset. He also argues the trial court failed to consider that Code § 20-107.3 does not require a monetary award and the trial court put too much emphasis on the monetary award of the dog. However, none of these three arguments were presented to the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of these issues on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail

oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

### Assignments of Error IV, V, VII, X, XI and XII

Code § 20-107.3 sets forth a specific, three-step process that trial courts must follow in dividing the property of divorcing spouses. First, according to Code § 20-107.3(A), the trial court must determine whether property is marital, separate, or a hybrid of the two. Second, the trial court must value the property. Id. Finally, the trial court must distribute the parties' property in accordance with Code § 20-107.3. See Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991).

"'In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case.'" Moran v. Moran, 29 Va. App. 408, 417, 512 S.E.2d 834, 838 (1999) (citation omitted). Although the trial court must exercise sound discretion, we have recognized that the statute requires the court to make a "determination . . . based upon the equities and the rights and interests of each party in the marital property." Keyser v. Keyser, 7 Va. App. 405, 410, 374 S.E.2d 698, 701 (1988). When a trial court has considered the statutory factors, this Court will not reverse that court's ruling unless the record indicates that the trial court abused its discretion, Ranney v. Ranney, 45 Va. App. 17, 47, 608 S.E.2d 485, 499-500 (2005), meaning the award is plainly wrong or without evidence to support it, Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citing Frye v. Spotte, 4 Va. App. 530, 537, 359 S.E.2d 315, 319-20 (1987)).

Husband argues the trial court erred by failing to properly consider his contributions to the well being of the family pursuant to Code § 20-107.3(E)(1). He also contends the trial court

- 4 -

failed to properly consider and weigh his monetary and nonmonetary contributions in the acquisition, care, and maintenance of the dog.  See Code § 20-107.3(E)(2).  In addition, husband asserts the trial court failed to consider how and when the dog was acquired.  See Code § 20-107.3(E)(6).  Husband argues the trial court failed to consider that the dog is not an inanimate object, but rather a living, sentient being.  Furthermore, husband contends the trial court erred by failing to consider the best interests of the dog and by placing undue emphasis on the current location of the dog.

Although the trial court must consider all factors set out in Code § 20-107.3(E), it "need not quantify or elaborate exactly what weight was given to each of the factors" as long as its "findings . . . [are] based upon credible evidence."  Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal."  Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

The trial court specifically stated that it had "to apply the relevant statutory factors, as well as determine the rights, title and interest of the parties . . ." in determining which party obtained possession of the dog.  Both parties were employed during the marriage and contributed to the well being of the family.  See Code § 20-107.3(E)(1).  Both parties participated in the procurement, care, training, and maintenance of the dog.  See Code § 20-107.3(E)(2).  When announcing its ruling, the trial court specifically found that "[b]oth parties contributed to the maintenance and the acquisition of the asset.  Both of them have played a significant role in the life of the dog up to this point in time . . . ."  In addition, the trial court held that, based on the evidence presented concerning the purchase of the dog and because she was "titled" in the names of both husband and wife, the dog was a gift "between the parties" and was, therefore, a marital asset.

Furthermore, when addressing what the trial court referred to as the "problematic" issue of placing a value on the dog, the trial court noted that a dog has a unique "intrinsic value" because the parties care for the dog and have a "significant interest" in the dog. The trial court also made clear that it did not "in any way want to minimize the significance of a pet in a person's life." Therefore, the record shows the trial court considered the unique circumstances presented in determining the equitable distribution of the dog.

Although the evidence clearly showed that both parties had bonded with and cared for the dog, we cannot say the trial court abused its discretion by awarding wife possession of the dog on the ground that the dog had resided with wife since the parties acquired her. The evidence showed that wife owned the residence, she planned to continue residing there, and she provided the dog with a stable and caring environment at the residence. We also find that the trial court did not err in declining to establish a visitation or a shared custody schedule with the dog similar to that ordered in child custody cases.[1] Accordingly, under the circumstances of this case, we cannot say the trial court abused its discretion by awarding the dog to wife and awarding $750 to husband to acquire a similar dog.

### Assignments of Error VI and VIII

Husband argues the trial court erred by admitting evidence related to Code § 20-107.3(E)(5)--that he had an affair during the marriage. In the argument portion of his opening brief, husband cites to pages seventy-seven and seventy-eight of the appendix as to where he objected to this evidence during the hearing. However, the transcript contains no

---

[1] We note that, pursuant to Code § 3.2-6585, one of the Comprehensive Animal Care statutes, "[a]ll dogs . . . shall be deemed personal property . . . ." Although Code § 3.2-6585 is not part of the domestic relations statutes, "'statutes which relate to the same subject matter should be read, construed and applied together so that the legislature's intention can be gathered from the whole of the enactments.'" Alger v. Commonwealth, 19 Va. App. 252, 256, 450 S.E.2d 765, 767 (1994) (quoting Black's Law Dictionary 791 (6th ed. 1990) (defining *in pari materia* rule of statutory construction)).

rulings from the trial court on these objections. Where the trial court does not rule on appellant's objection, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). See Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

Husband also contends the trial court erred by taking any evidence or taking into consideration evidence related to Code § 20-107.3(E)(7)--the debts and liabilities of the parties. In his argument, he references pages seventy-six and seventy-seven of the appendix, however, these pages do not contain any objections or arguments related to this issue. "We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of these claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Furthermore, to the extent the trial court heard evidence related to Code § 20-107.3(E)(5) and 20-107.3(E)(7), evidence concerning these factors, and all of the factors of Code § 20-107.3(E), is appropriate for consideration in an equitable distribution award. "The amount of any division or transfer of jointly owned marital property . . . shall be determined by the court after consideration of" the factors of Code § 20-107.3(E)(1) through 20-107.3(E)(11). Code § 20-107.3(E).

Assignment of Error IX

Husband's briefs contain no argument for Assignment of Error IX. Rule 5A:20(e) provides that the opening brief shall contain the argument related to each assignment of error. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

## Assignment of Error XIII

Husband contends the trial court erred by failing to consider an unpublished opinion from this Court that addresses the equitable distribution award of a dog.  Even assuming the trial court did not consider the case, the opinion was unpublished and carries no precedential value.  <u>See</u>, e.g., <u>Fairfax County Sch. Bd. v. Rose</u>, 29 Va. App. 32, 39 n.3, 509 S.E.2d 525, 528 n.3 (1999) (*en banc*).

For these reasons, we affirm the decision of the trial court.

<u>Affirmed.</u>