COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff,* Causey and White
Argued at Richmond, Virginia


GREGG VALENZUELA

                                                    MEMORANDUM OPINION** BY
v.        Record No. 1387-23-2              JUDGE KIMBERLEY SLAYTON WHITE
                                                         FEBRUARY 4, 2025
CHARLENE VALENZUELA


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Rondelle D. Herman, Judge

          Joseph J. DiPietro, III (DiPietro Law Group, PLLC, on briefs), for
          appellant.

          Charles E. Powers (Stiles Ewing Powers, PC, on brief), for appellee.


        Gregg Valenzuela has paid spousal support to his ex-wife Charlene since their divorce in

2006.  He asked the trial court to modify the amount, citing diminished income following his

retirement from his occupation as a surgeon.  He requested that his spousal support payments be

either terminated or, alternatively, reduced.

        The trial court heard evidence regarding Gregg and Charlene's income and expenses.

The court denied the termination request but granted the reduction request and reduced the

monthly payments by about a quarter.

        Though his alternative request was granted, Gregg appeals.  He argues that the trial court

erred in not granting his prayer for termination.  Finding that this decision was not an abuse of

discretion, we affirm.

_____

        * Judge Huff participated in the hearing and decision of this case prior to the effective
date of his retirement on December 31, 2024.

        ** This opinion is not designated for publication.  *See* Code § 17.1 413(A).

BACKGROUND

In 2006, Gregg and Charlene Valenzuela divorced. Gregg was ordered to pay Charlene $3,700 per month in spousal support. In July of 2022, Gregg filed a motion in the Henrico County Circuit Court to modify the spousal support amount. Having retired and turned 70 shortly before filing his motion, Gregg asserted that the lower income resulting from his retirement constituted a material change of circumstances and merited relief from his support obligations. He asked the trial court to terminate his support payments to Charlene or, "[a]lternatively," to reduce his support payments.

In June of 2023, the trial court held an ore tenus hearing on Gregg's motion to modify his support payments. Gregg asked that his spousal support to Charlene either be ended or "significantly" reduced. He developed testimony and documentary proof of his decreased monthly income to show that, given his monthly expenses, he could not continue to pay the full $3,700 in monthly spousal support to Charlene. He stated that he had had to "supplement [his] income" after retiring by drawing from assets in order to meet his expenses. The trial court also took evidence on Charlene's monthly income and expenses to assess her need for support. Gregg concluded by arguing that he no longer had "the ability to pay $3,700 per month" and requested "complete termination" of the spousal support or reduction to "as minimal [an amount] as possible." Charlene countered that Gregg "always had the ability to" pay and "continues to do far, far better than" Charlene financially, asking that the support amount be maintained.

The hearing established that Gregg's current wife, whom he had married in 2015, contributed to his expenses. But she has not worked during the marriage nor defrayed any of the couple's expenses, even though she is able to work and did so prior to the marriage. The trial court asked Gregg why his current wife did not work, to which Gregg replied that theirs was a "traditional marriage" in which his current wife tends to the home instead of working outside of it. The trial

court during closing arguments questioned the fairness of including Gregg's current wife's expenses into his own expenses. It opined that "to consider the full amount of what [Gregg] is paying" toward his current wife, who "decided she didn't want to work," would "penalize" Charlene. The court thought it "disingenuous" that Gregg "voluntarily took on" the living costs of his non-working current wife while arguing that their joint expenses were a basis for his inability to pay Charlene's support.

The trial court denied Gregg's motion to terminate support. But finding that his expenses were "very reasonable," it granted his request for a reduction and lowered the payments from $3,700 per month to $2,800 per month. The court found a material change in Gregg's circumstances after "consider[ing] the evidence . . . presented and the factor[s] enumerat[ed]" in the relevant statute.

Restating its view that Gregg's position was "somewhat disingenuous," the trial court commented that "if he wants to fully support a wife that's on him, but not to the ex-wife['s] detriment." It continued, "I have heard no reason other than that's what the wife wanted for the fact that she doesn't have to work. I'm just guessing, assuming common sense says that she is married to a surgeon and she doesn't want to work, but she is now married to a retired surgeon who has certain expenses."

Gregg's sole assignment of error is that the trial court erred in not terminating the spousal support based on the evidence presented. He argues that by "imput[ing] income to [Gregg's current wife] and us[ing] those findings in its analysis of [Gregg's] ability to pay [and Charlene's] need for support," the trial court exceeded its authority and failed to address the required statutory factors.

We find that the trial court's order denying termination was not an abuse of discretion. Also, we conclude that any argument objecting to the order reducing the spousal support was waived on appeal. Thus, we affirm.

ANALYSIS

"When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 435 (2020) (quoting *Dodge v. Dodge*, 2 Va. App. 238, 246 (1986)). The trial court abuses its discretion if it "fails to consider the statutory factors required to be part of the decisionmaking process." *Id.* (quoting *Congdon v. Congdon*, 40 Va. App. 255, 262 (2003)). "The statute enumerates thirteen specific factors the [trial] court must consider when awarding spousal support." *Id.* (citing Code § 20-107.1(E)(1)-(13)). "The trial court must consider all statutory factors." *Keyser v. Keyser*, 7 Va. App. 405, 414 (1988).

We find that the trial court did not abuse its discretion in denying termination because its ruling had evidentiary support and demonstrated properly considered statutory factors. The trial court denied Gregg's motion to terminate his spousal support payments after "consider[ing] the evidence which was presented and the factor[s] enumerat[ed] in Virginia Code Section 20-109[, which supplements 20-107.1]."

The evidence presented to the trial court was extensive. The court considered Gregg's monthly income and expense reports; his monthly social security benefits; his investment portfolio balance; bank account balances; and retirement information. This evidence and related testimony showed the impact of Gregg's recent retirement on his finances and hence his ability to pay. The trial court reviewed the evidence but decided to reject Gregg's termination request.

Gregg argues that the trial court placed undue weight upon the fact that his current wife does not work. He points to the trial court's questions during and at the end of the hearing as showing that it based its decision on this fact. Yet the trial judge was not obliged to explain *how* it weighed each statutory factor but only *that* it weighed each factor. "In Virginia, a trial court

- 4 -

has no . . . duty to explain in any detail the reasoning supporting its judgments . . . [a]bsent a statutory requirement to do so." *Pilati v. Pilati*, 59 Va. App. 176, 180 (2011). Neither Code § 20-107.1 nor Code § 20-109 have such a requirement. "While a trial judge must consider all the factors, the judge is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" *Id.* at 183 (quoting *Duva v. Duva*, 55 Va. App. 286, 300 (2009)). The trial judge's ruling explained that it had "considered the evidence . . . presented," as well as the statutory factors. Given this inclusive ruling, we find that the trial court did not abuse its wide discretion by questioning Gregg on the financial impact that his current wife has had on his ability to continue paying spousal support to Charlene.

Additionally, we conclude that any argument that the reduction granted was not enough has been waived. In the trial court and in his opening brief to this Court, Gregg objected to both facets of the ruling: he asserted error both as to the denial of termination and the extent of reduction. But in his reply brief, he abandons the latter objection. In it he wrote, "[I]t is clear and obvious [from his opening brief] that [Gregg] contests the Circuit Court's denial of termination of support." Gregg confirmed at oral argument that his sole assignment of error was the trial court's denial of the termination of his support obligations. Thus, his briefing waived the issue of whether the reduction was sufficient by clearly stating that he only assigned error to the termination decision.

We find that the trial court's decision not to terminate Gregg's spousal support payments to Charlene was not an abuse of discretion. We also conclude that Gregg waived objection to the trial court's reducing the payments by the extent that it did. Accordingly, we affirm.

CONCLUSION

For the reason explained above, the trial court's judgment is affirmed.

*Affirmed.*