## Richmond

SHARON MARIE COY GOLOGANOFF

v.

CHRIST GEORGE GOLOGANOFF

No. 0343-87-2

Decided May 17, 1988

COUNSEL

Robert C. Elliott, III, for appellant.

John N. Clifford (Vera Duke; Clifford & Duke, P.C., on brief), for appellee.

Opinion

COLE, J. — The appellant, Sharon Marie Coy Gologanoff, appeals a final divorce decree from the Circuit Court of Prince George County denying her a monetary award based upon the military pension of the appellee, Christ George Gologanoff. We affirm.

## I. FACTS

Christ George Gologanoff filed a bill of complaint in the Circuit Court of Prince George County on December 20, 1985, alleging that he and his wife, Sharon Marie Coy Gologanoff, had lived separate and apart without any cohabitation and without interruption for one year. He sought a final divorce on this ground. On January 8, 1986, Sharon filed an answer and cross-bill. She did not seek a divorce, but requested the court to award her custody of and maintenance for the children, and to incorporate into the terms and provisions of any final decree a stipulation agreement between the parties entered into on October 14, 1983.

On January 13, 1986, Sharon filed a motion entitled "Motion for Determination of Marital Property Rights." Since this motion involves the central issue in the case, we state its pertinent part:

Your defendant . . . pursuant to § 20-107.3G, . . . moves this Honorable Court to enter an order upon decreeing a divorce . . . directing that the payment of a percentage of the military pension and retirement benefits [of the plaintiff/husband] . . . be paid to the defendant in either a lump sum or over a period of time to the extent that such benefits are payable, in determining that such military pension and retirement benefits derived therefrom are marital property in which your defendant has a right and bona fide interest.

On July 29, 1986, Christ took depositions which proved all of the jurisdictional requirements and that he and his wife had lived separate and apart since September 1983. He testified that he and Sharon had entered into a property settlement agreement and he requested that the agreement be incorporated into the final decree of divorce.

On September 2, 1986, Sharon took her depositions. Her testimony primarily concerned the cause of the breakup of the marriage. According to her testimony, which is uncontradicted, breakup of the marriage was the fault of her husband. She also testified that she desired the court to grant her fifty percent of her husband's retirement pension pursuant to Code § 20-107.3(G)[1] based upon the facts and circumstances of the cases as outlined by her. She introduced the property settlement agreement into evidence as a defendant's exhibit.

The parties had entered into a property settlement agreement dated October 14, 1983. The preamble of the agreement recites that the parties desired to settle all of their obligations with respect to property rights, support for the children, spousal support for the wife, and to adjust all of the matters in controversy between them. Pertinent to the issue in this case is paragraph 23, which reads as follows:

> The parties do expressly acknowledge that any rights and protections available to the Wife pursuant to the terms and conditions of the Uniform Services Former Spouses Protection Act (Title 10, Chapter 21, United States Code, Public Law 97-252) and/or arising under the Code of Virginia, 1950 (as amended) which pertain or relate to any right, title and interest which the Wife may have in the Husband's military retirement are specifically reserved by the Wife and may be exercised by her at a time subsequent to the execution of this Agreement and/or subsequent to the entry of a final decree of divorce between the parties hereto.

After the evidence in the case was taken by deposition and filed in the clerk's office, Christ served notice upon Sharon that on March 2, 1987, he would appear before the court and move for entry of a final divorce decree. Counsel for both parties appeared at the appointed time and each tendered to the court a sketch of a

---

[1] Code § 20-107.3(G) provides:

The court may direct payment of a percentage of pension, profit-sharing or retirement benefits, whether vested or nonvested, payable in a lump sum or over a period of time and only as such benefits are payable. No such payment shall exceed fifty percent of the cash benefits actually received by the party against whom such award is made.

proposed decree. In the decree prepared by Sharon's counsel was a provision stating: "It is hereby ordered that defendant is awarded a reservation of claim in the complainant's military retirement pension, pursuant to agreement . . . ." Before signing the decree, the trial court struck this sentence from the sketch of the decree. Since the decree made no other provision concerning the retirement pension, the effect of striking this part of the decree was to deny Sharon a monetary award in the military retirement plan or to reserve to her any such right for future determination.

The record does not contain a transcript of the March 2, 1987, hearing. Therefore, we are bound by the written statement of facts. Rule 5A:7(a)(7). The statement of facts presented by Sharon in this appeal contains a statement that she made a motion that the court hear evidence regarding what rights, if any, she would have in the military pension and that she be granted fifty percent of the pension, or, alternatively, that the matter be reserved for future determination. Christ's argument, as reflected in the statement of facts, was that no award be made to Sharon out of the pension, or reserved for future decision, because she had been treated favorably in the property settlement agreement and it would not be equitable to award her any rights in the military pension. The statement of facts states that the trial court held that it could not make a monetary award based upon the military pension alone, and that the court would need to hear evidence concerning all marital property in order to make a monetary award.

Christ filed an objection to the statement of facts, contending that it failed to accurately and fully state the court's decision. The trial court resolved the dispute in a document entitled "Response of Trial Judge Pursuant to Rule 5A:8(d)."[2] He stated that, in addition to the rationale set forth in Sharon's statement of facts, neither party pleaded that the trial court decree as to property of the parties pursuant to Code § 20-107.3, except in the "Motion for Determination of Marital Property Rights" with respect to the

---

[2] Rule 5A:8(d) provides, in pertinent part:
Within ten days after the notice of objection [to the written statement of facts] is filed with the clerk of the trial court, the judge shall:
  (1) overrule the objection;
  (2) make any corrections that he deems necessary;
  (3) include any accurate additions to make the record complete;
  (4) certify the manner in which the record is incomplete; and
  (5) sign the transcript or written statement.

military pension. Neither party made any objection concerning the state of the record in this case.

Sharon appeals the trial court's decision on two grounds. First, she maintains that she properly made a "request" for a monetary award under Code § 20-107.3(A), and second, she asserts that a trial court can make a monetary award based on property not settled by agreement, contrary to the trial court's ruling.

Christ advances several defenses on appeal. He alleges that neither party filed pleadings asking for a monetary award under the equitable distribution statute, other than the "motion" filed by Sharon, and that the "motion" was not a sufficient request for a monetary award under Code § 20-107.3. He also maintains that Code § 20-107.3(A)[3] mandates that the court determine the ownership and value of all real and personal property, and that only thereafter, based upon the equities and the rights and interests of each party in the marital property, may the court grant a monetary award. Since the evidence did not disclose the marital property or its valuation, Christ argues, the court could not make a monetary award based upon a single piece of property, such as the military pension.

Finally Christ asserts that Code § 20-107.3(A)[4] expressly provides that a reservation of jurisdiction may occur only "on the motion of both parties," that he at no time joined in such a motion, and, therefore, the trial court had no authority to reserve for future determination the question of the military pension, as requested by Sharon. Thus, Christ argues, the final decree has decided all issues before the court and a remand cannot properly be

[3] Code § 20-107.3(A) provides, in pertinent part:
Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce from the bond of matrimony, or upon the filing with the court as provided in subsection I of a certified copy of a final divorce decree obtained without the Commonwealth, the court, upon request of either party, shall determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property and which is marital property.

[4] Code § 20-107.3(A) provides, in pertinent part:
The court, on the motion of both parties, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary because of the complexities of the parties' property interests, and all decrees heretofore entered retaining such jurisdiction are validated.

made.

## II. REQUEST FOR MONETARY AWARD

Christ maintains that Sharon should have requested a monetary award under Code § 20-107.3 in her answer and cross-bill by affirmatively setting forth the relief sought. Alternatively, he alleges that Sharon should have filed an amended cross-bill by leave of court in accordance with Rule 2:13.[5] The essence of his defense is that a "request for a monetary award" under Code § 20-107.3 must procedurally be in the form of a pleading; otherwise, the issue is not properly before the court for adjudication. We have not previously addressed whether the Rules of Court require a request for a monetary award under Code § 20-107.3 to be expressly made in formal pleadings.

In *Ted Lansing Supply Co. v. Royal Aluminum & Construction Corp.*, 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981) (quoting *Potts v. Mathieson Alkali Works*, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)), the Supreme Court, discussing the importance of pleadings, stated:

> The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed . . . . Pleadings are as essential as proof, the one being unavailing without the other. A decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void . . . . Every litigant is entitled to be told by his adversary in plain and explicit language what is his ground of complaint or defense . . . . The issues in a case are made by the pleadings, and not by the testimony of witnesses or other evidence.

---

[5] Rule 2:13 provides, in pertinent part: "A defendant may, at any time when he would not be in default if he had not filed a pleading, or thereafter by leave of court, file a cross-bill which seeks relief against the plaintiff. . . ."

We held in *Boyd v. Boyd*, 2 Va. App. 16, 20, 340 S.E. 2d 578, 580-81 (1986), that where a wife's cross-bill sought a divorce but not spousal support, the court did not have authority to award support to her. "Defendant is supposed to know the plaintiff's grievances only from his statement of them in the pleadings. Pleadings are as essential as proof, and no relief should be granted that doesn't substantially accord with the case as made in the pleadings." *Lee v. Lambert*, 200 Va. 799, 802, 108 S.E.2d 356, 358 (1959) (citations omitted). "The relief granted should in any event be limited to the grievance complained of in the petition. This rule is applicable in proceedings at law, as well as proceedings in equity." *Id.*

"A suit in equity [is] commenced by the filing of a bill of complaint in the clerk's office." Rule 2:2. Every pleading must state the facts on which the party relies, and a pleading is sufficient if it clearly informs the opposite party of the true matters of the claim or defense. Rule 1:4(d). "[A] defendant may at any time before he is in default file in the clerk's office his pleading in response;" a defendant is in default "if he has not filed a pleading and a period of more than twenty-one days has elapsed after due service of a subpoena upon him in this state." Rule 2:7.

The general practice in this state for many years has been to commence the bill of complaint with a recital of the jurisdictional requirements. Thereafter, a brief and clear statement of the facts of the case upon which the plaintiff relies is stated. The pleading concludes with the prayer of the complaint or a statement of the relief requested in the case. In a divorce case, all that is necessary to comply with the mandate of Code § 20-107.3 is a request in the prayer of the bill, or in the prayer of an answer or cross-bill, that the court determine the ownership and value of all property of the parties and render a monetary award in accordance with Code § 20-107.3.

In the case at bar, the defendant, within twenty-one days after service of the subpoena in chancery with bill of complaint attached, filed in the clerk's office an answer and cross-bill. She did not request a monetary award under Code § 20-107.3 in either pleading. However, within a week after filing the answer and cross-bill, and still within the twenty-one day period allotted to her to file responsive pleadings, she filed a separate document in the clerk's office entitled "Motion for Determination of Marital

Property Rights" in which she requested the court to award her a percentage of the military pension and retirement benefits pursuant to Code § 20-107.3(G). We find that this instrument, which was timely filed within the twenty-one day period in the clerk's office, was in substantial compliance with the provisions of Code § 20-107.3, which only required that she "request" the court to apply the provisions of the equitable distribution statute to the case. To hold otherwise would be to put form over substance, which we refuse to do.

### III. MONETARY AWARD BASED UPON A PORTION OF MARITAL ASSETS

Sharon next contends that the trial court had a right to make a monetary award based upon a single marital asset, the military pension, when all other matters had been settled between the parties. She argues that if the trial court lacks jurisdiction to determine the monetary award based upon a single asset, the motivation of the parties to narrow the area of disagreement by negotiation is substantially reduced. She maintains that property settlements based upon valid consideration and for a lawful purpose are favored in the law. She requests that we remand this case to the trial court with directions that it take further evidence, if necessary, and to direct it to fix an equitable monetary award.

Christ contends that, assuming Sharon has requested a monetary award, she failed to meet her burden of production of satisfactory evidence to enable the court to make a decision. He further contends that the court correctly ruled that it could not make an award where the evidence presented involved only a portion of the total marital assets.

■ We have on several occasions discussed the statutory scheme of Code § 20-107.3 for granting a monetary award in an appropriate case based upon the equities and the rights and interests of each party in the marital property. *See, e.g., Brinkley v. Brinkley,* 5 Va. App. 132, 361 S.E.2d 139 (1987). One of the principles running throughout our decisions is that, in making a monetary award, *all* of the provisions of Code § 20-107.3 must be followed. *See, e.g., id.* at 136-37, 361 S.E.2d at 140-41; *Clayberg v. Clayberg,* 4 Va. App. 218, 222, 355 S.E.2d 902, 904 (1987).

█ Code § 20-107.3(A) provides that, upon request that a monetary award be made, the court "shall determine the legal title as between the parties, and the ownership and value of *all* property." (emphasis added). Code § 20-107.3(B) provides that, for purposes of the equitable distribution statute only, the parties shall be deemed to have rights and interests in the marital property, but such rights and interests shall not attach to the legal title of such property. Code § 20-107.3(D) states that the court may grant a monetary award to either party based upon the equities and the rights and interests of each party in the marital property. Implicit within the meaning of these provisions is that the Court's monetary award shall be based upon the equities and the rights and interests of each party in *all* of the marital property. The scheme of the statute makes no provision for a trial judge to grant a monetary award based upon consideration of less than all of the marital assets.

Sharon's argument that such a construction would eliminate any motivation for the parties to narrow the area of disagreement and settle a portion of the problems does not follow. Our interpretation of the necessary prerequisites for the trial judge to make a monetary award does not stifle the parties' incentive to settle all or part of their differences over their property. Its impact upon the motivation for the parties to settle is negligible. The parties may still narrow the areas of disagreement and settle their differences concerning all or part of their property; they may agree to divide their property in any manner that they deem appropriate. However, if they cannot settle all of the property issues, evidence must be presented to the trial judge concerning that portion of the settlement that they are able to accomplish. If their settlement placed a classification and value upon which they reached agreement, the Court must be informed of those classifications and values. If their settlement did not classify and value the property which they agreed to divide, the parties must then either agree upon classifications and values of the settled property or provide evidence upon which the trial court may classify the settled property as separate or marital and value the property. If, in accordance with the scheme contemplated by the statue, the trial judge is to make a monetary award based upon the unsettled property, the trial judge must be provided with a basis upon which to give effect to the parties' existing settlement.

In this case, the evidence did not disclose the particulars of the settlement, including the classification and value of the settled property. Furthermore, the present value of the military retirement plan, which was to be the basis of the monetary award was not in evidence. *See* Code § 20-107.3(E)(8). Therefore, the evidence was insufficient for the trial court to make a monetary award under Code § 20-107.3, and the trial court properly ruled that it could not make a monetary award due to the insufficiency of the evidence.

For the reasons stated, we affirm the decision of the trial court.

*Affirmed.*

Benton, J., and Duff, J., concurred.