## CIRCUIT COURT OF THE CITY OF RICHMOND

James River Association

v.

Commonwealth of Virginia,
ex rel. Waste Management Board

February 17, 2004

Case No. CH03-1514-4

BY JUDGE RANDALL G. JOHNSON

Having considered the parties' written submissions and the cases cited therein, as well as the points made at oral argument, the court will overrule the Commonwealth's demurrer, motion to dismiss, and motion to strike. As stated from the bench at the hearing, the motions of Charles City County and Waste Management of Virginia, Inc., to intervene as appellees will be granted.

Turning first to the motion to dismiss, it is the Commonwealth's position that appellant, James River Association ("Association"), lacks standing to prosecute this appeal under Virginia's Administrative Process Act ("APA"), Va. Code §§ 2.2-4000, *et seq.*, either in a representative capacity on behalf of its members or Virginia's citizens generally or in its own behalf. While the court agrees that the Association may not proceed with this appeal in a representative capacity, it disagrees that the Association is not an aggrieved party in its own right.

Virginia Code § 10.1-1457, which is part of Virginia's Waste Management Act, governs standing to seek judicial review of decisions of the Waste Management Board ("Board"). That statute provides:

A. Except as provided in subsection B, any person aggrieved by a final decision of the Board or Director under this chapter shall be entitled to judicial review thereof in accordance with the Administrative Process Act (§ 2.2-4000 et seq.).

B. Any person who has participated, in person or by the submittal of written comments, in the public comment process related to a final decision of the Board or Director under § 10.1-1408.1 or § 10.1-1426 and who has exhausted all available administrative remedies for review of the Board's or Director's decision, shall be entitled to judicial review thereof in accordance with the Administrative Process Act (§ 2.2-4000 et seq.) if such person meets the standard for obtaining judicial review of a case or controversy pursuant to Article III of the United States Constitution. A person shall be deemed to meet such standard if (i) such person has suffered an actual or imminent injury which is an invasion of a legally protected interest and which is concrete and particularized; (ii) such injury is fairly traceable to the decision of the Board and not the result of the independent action of some third party not before the court; and (iii) such injury will likely be redressed by a favorable decision by the court.

The plain language of the statute shows that standing to seek judicial review of a decision of the Board is not conferred on persons in a representative capacity. Standing is conferred only on persons who have suffered an actual or imminent injury as a result of a Board decision and who have, "in person or by the submittal of written comments," participated in the administrative process related to the decision. Representatives of others do not have standing. If this conclusion were not made clear enough by the language of the statute, it is made even clearer by the cases.

In *Pearsall v. Virginia Racing Comm'n*, 26 Va. App. 376, 494 S.E.2d 879 (1998), which dealt with the definition of "person aggrieved" under Va. Code § 59.1-373 concerning appeals from decisions of the Virginia Racing Commission, the court of appeals held that the Monument Avenue Park Association lacked standing to appeal the issuance of a permit for construction of an off-track betting facility. Although the association was composed of members who resided in the vicinity of the proposed betting parlor, it was not a "person aggrieved" under the statute:

The term "aggrieved" has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision. In order for a petitioner to be "aggrieved," it must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. The petitioner "must show that he has an immediate, pecuniary, and substantial interest in the litigation, and not a remote

or indirect interest" … . The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally.

The Association neither owns nor occupies any real property. No personal or property right of the Association was adjudicated by the Commission. The Commission did not order the Association to act or to refrain from acting. Nothing in the record suggests that the Association holds any right that will be affected by the outcome of this case. We agree with the trial court's finding that the Association was not a "person aggrieved" under the statute.

26 Va. App. at 380-81 (citation omitted). See also *Virginia Beach Beautification Comm'n v. Board of Zoning Appeals,* 231 Va. 415, 419-20, 344 S.E.2d 899, 903 (1986).

The Association's effort to maintain this appeal in a representative capacity must fail. Still, the appeal will proceed.

In addition to its attempt to act in a representative capacity, the Association also alleges that it is aggrieved in its own right. In this regard, the Commonwealth moves to strike several affidavits that were filed by the Association after the petition for appeal was filed, it being the Commonwealth's argument that such affidavits can be considered only if they were filed prior to the time allowed for filing the petition for appeal. The Commonwealth's argument is without merit.

In considering the issue of standing in *Concerned Taxpayers of Brunswick v. Department of Environmental Quality,* 31 Va. App. 788, 525 S.E.2d 628 (2000), the Court of Appeals cited with approval the following passage from *Warth v. Seldin,* 422 U.S. 490 (1975):

For the purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, *by amendment to the complaint or by affidavits,* further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.

31 Va. App. at 796-97 (*quoting* 422 U.S. at 501-02; emphasis added).

The facts set out in the affidavits show that the Association owns boats, a truck, a canoe, and related equipment that it uses in conducting educational programs on the James River. It also owns approximately six acres of undeveloped land adjacent to the James River in Prince George County. The court holds that the Association has stated sufficient facts to show that it is a "person aggrieved" under Va. Code § 10.1-1457, and the Commonwealth's challenge to its standing is rejected.

Lastly, the Commonwealth demurs to the petition for appeal on the ground that the petition fails to allege cognizable grounds for relief. The Commonwealth's argument would be better directed at the merits *of* the appeal, not at the petition *for* appeal. Under the APA, the appealing party is required to "designate and demonstrate an error of law subject to review by the court." Va. Code § 2.2-4027. The Association has set out four assignments of error seeking to do just that. The Association first alleges that the Board failed to follow the Virginia Waste Management Act's mandate that its regulations require containers used to transport waste be tested and certified as watertight. Second, the Association states that the Board's decision to adopt the standing water test for such containers is not supported by substantial evidence that the test will ensure that containers are watertight and will prevent the spillage of leachate, liquids that seep out of garbage, in the event of an accident. Third, the Association contends that the Board's decision to adopt a $1.00 fee per ton of waste transported on Virginia's waters is not supported by substantial evidence that the fee is sufficient to fund the administration and enforcement of the Waste Management Act and the activities provided for by that Act. And fourth, the Association alleges that the Board violated the APA by concealing from the public its rationale for its adoption of the regulations at issue. Each assignment of error contains a statement alleging why the action of the Board complained of was wrong, in compliance with Supreme Court Rule 2A:4. While the Commonwealth argues vigorously that the Board's decision was correct and that this court should give deference to the Board's expertise in the matters at issue, those are not proper arguments on demurrer. A demurrer requires the court to determine the sufficiency of a pleading's factual allegations. It does not allow the court to determine whether those allegations are true. *Concerned Taxpayers v. County of Brunswick,* 249 Va. 320, 327-28, 455 S.E.2d 712 (1995). That is the purpose of trial or, in an appeal under the APA, the hearing and argument on appeal. The demurrer will be overruled.