## CIRCUIT COURT OF THE CITY OF RICHMOND

Chesapeake Bay Foundation, Inc.,
and Citizens for Stumpy Lake

v.

Commonwealth of Virginia,
ex rel. Virginia Water
Control Board,
Robert G. Burnley,
Director of the Dept.
of Environmental Quality,
and Tri-City Properties, L.L.C.

September 8, 2004

Case No. CH03-1987-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal under Virginia's Administrative Process Act. Appellants are The Chesapeake Bay Foundation, Inc., and Citizens for Stumpy Lake. The appeal challenges a decision of the Virginia Water Control Board to issue a Water Protection Permit to Tri-City Properties, L.L.C., to drain 144.6 acres of wetlands in connection with a development project. The permit is required under Va. Code § 62.1-44.15:5(D), which is part of the State Water Control Law. The appeal is presently before the court on demurrers and motions to dismiss filed by the Commonwealth of Virginia and Robert G. Burnley, Director of the

Department of Environmental Quality (collectively referred to herein as "the Commonwealth"), and by Tri-City. For the reasons that follow, the motions to dismiss will be denied. The demurrers will be sustained.[1]

The motions to dismiss are based on the Commonwealth's and Tri-City's argument that Tri-City was not properly named as a party in the petition for appeal filed in court. In support of their argument, the Commonwealth and Tri-City rely on the unpublished Court of Appeals case of *Somers v. Accomack County*, Record No. 2899-00-1 (Va. App. May 29, 2001). The Commonwealth's and Tri-City's reliance on that case is misplaced.[2]

In *Somers*, the Court of Appeals affirmed a trial court's dismissal of an appeal from a decision of the Virginia Department of Social Services (VDSS) under the Administrative Process Act. The dismissal was based on the fact that VDSS was not listed in the caption of the petition for appeal. Only the Accomack County Department of Social Services (ACDSS) was listed. In making its ruling, the court noted that Supreme Court Rule 2A:4, which prescribes the method of filing petitions for appeal under the Administrative Process Act, provides that such filings "shall include all steps provided in Rules 2:2 and 2:3 to cause a copy of the petition to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party." The court also noted that Rule 2:2 provides, in pertinent part:

> A suit in equity shall be commenced by filing a bill of complaint in the clerk's office. The suit is then instituted and pending as to all parties defendant thereto. . . .

> The bill shall be captioned with the name of the court and the full style of the suit. . . .

> Without more it will be understood that all the defendants mentioned in the caption are made parties defendant ... that proper process against them is requested. . . .

The court then said:

---

[1] In light of the court's rulings, motions to strike pleadings and to take depositions, also before the court, need not be decided.

[2] Although unpublished opinions of the Court of Appeals are not "to be cited or relied upon as precedent except for the purpose of establishing res judicata, estoppel, or the law of the case," *Johnson v. Johnson Plast. and Nat. Sur.*, 37 Va. App. 716, 726, n. 7, 561 S.E.2d 40 (2002) (*quoting Grajales v. Commonwealth*, 4 Va. App. 1, 2, n. 1, 353 S.E.2d 789 (1987)), they carry a great deal of weight with most inferior courts, including this one.

> Somers named only ACDSS in the caption, failing to make VDSS a party to the appeal. "Generally, rules governing appeal procedures are mandatory and 'compliance with them is necessary for the orderly, fair, and expeditious administration of justice'." ... The naming of the defendants in the caption in the petition for appeal of an agency case decision is mandatory, as indicated by the General Assembly's use of the word "shall" . . . .
>
> When Somers named ACDSS as respondent in his petition for judicial review, he did not provide VDSS with formal notice constituting process "which informed[ed] the opposing party of the litigation and instruct[ed] the party when and where it must respond." ... This failure was jurisdictional, and the circuit court did not have the authority to extend time limits to allow for the amendment of pleadings.

Citations omitted.

Unlike the situation in *Somers*, Tri-City *was* named in the caption of the petition for the present appeal. It just was not called an *appellee*. Specifically, the pertinent part of the caption in the present petition is as follows:

> The Chesapeake Bay Foundation, Inc.,
> a Maryland corporation, and
> Citizens for Stumpy Lake,
> an unincorporated association,
>     Appellants
>
>     v.
>
> Commonwealth of Virginia, ex rel.
> Virginia State Water Control Board
>     Serve:   Robert G. Burnley
>     Executive Secretary
>     State Water Control Board
>     629 E. Main Street
>     Richmond, VA 23219

and Robert G. Burnley,
Director, Department of Environmental Quality

Serve: 629 E. Main Street
Richmond, VA 23219,
Appellees

Tri-City Properties, L.L.C.
Serve: Jay F. Wilks
Registered Agent
700 Town Point Center
150 Boush Street
Norfolk, Virginia 23510

As can be seen, Tri-City *is* listed in the caption. While the Commonwealth and Tri-City take the position that its placement below the designation "Appellees" rather than above it means that it was not named as a party, neither *Somers* nor any other case of which the court is aware contains such a holding. To the contrary, Virginia has long been a "notice-pleading" state. As was said in *Milner v. Milner*, Record No. 1484-02-1 (Va. App. decided May 6, 2003), also an unpublished opinion of the Court of Appeals:

> We do not apply the standards of notice pleading inflexibly, but instead accept "substantial compliance" if it sufficiently informs the litigants and the trial court of the contested issues. *Gologanoff v. Gologanoff*, 6 Va. App. 340, 348, 369 S.E.2d 446, 450 (1988). "To hold otherwise would be to put form over substance, which we refuse to do." *Id.*

To hold as the Commonwealth and Tri-City ask in this case would, in the court's view, put form over substance. Tri-City was served with a subpoena in chancery and a copy of the petition. It is inconceivable that anyone connected with Tri-City, upon even a cursory reading of those papers, would not know that Tri-City is a party to the appeal. The court finds that Tri-City was, in the words of *Somers*, "informed[ed] … of the litigation" and knew "when and where it must respond." That is all due process requires. The motions to dismiss are denied.

Turning now to the demurrers, appellees (including Tri-City) argue that appellants, The Chesapeake Bay Foundation, Inc., and Citizens for Stumpy Lake, are not "aggrieved persons" under § 62.1-44.29; that is, that they lack standing to maintain this appeal. That argument, and the issues involved in that argument, are identical to the argument and issues involved in *James River Ass'n v. Commonwealth, ex rel. Waste Management Bd.*, 63 Va. Cir. 602 (2004) (Case No.

CH03-1514-4), decided by this court on February 17 of this year. This is true even though *James River* involved a decision of the Virginia Waste Management Board under Va. Code § 10.1-1457, while the present appeal involves a decision of the Virginia Water Control Board under Va. Code § 62.1-44.29, since those statutes contain identical language regarding standing, to wit:

> A person shall be deemed to [have standing] if (i) such person has suffered an actual or imminent injury which is an invasion of a legally protected interest and which is concrete and particularized; (ii) such injury is fairly traceable to the decision of the Board and not the result of the independent action of some third party not before the court; and (iii) such injury will likely be redressed by a favorable decision by the court.

In *James River*, contrary to appellants' arguments there and here, the court held that "representational standing" does not exist. Specifically, the court said:

> The plain language of the statute shows that standing to seek judicial review of a decision of the Board is not conferred on persons in a representative capacity.

63 Va. Cir. at 603.

The court also cited the following passage from *Pearsall v. Virginia Racing Comm'n*, 26 Va. App. 376, 494 S.E.2d 879 (1998), in support of its holding:

> The term "aggrieved" has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision. In order for a petitioner to be "aggrieved," it must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. The petitioner "must show that he has an immediate, pecuniary, and substantial interest in the litigation, and not a remote or indirect interest" . .... The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally. . . .

The Association neither owns nor occupies any real property. No personal or property right of the Association was adjudicated by the Commission. The Commission did not order the Association to act or to refrain from acting. Nothing in the record suggests that the Association holds any right that will be affected by the outcome of this case. We agree with the trial court's finding that the Association was not a "person aggrieved" under the statute.

26 Va. App. at 380-81 (citation omitted). *See also Virginia Beach Beautification Comm'n v. Board of Zoning Appeals*, 231 Va. 415, 419-20, 344 S.E.2d 899 (1986).

The court will not retreat from that holding now. Neither appellant may maintain this appeal in a representative capacity. The only remaining question is whether either appellant can maintain the appeal in its own right. The court holds that neither appellant may.

In *James River*, the court held that the appellant association's ownership of boats, a truck, a canoe, and related equipment that it used in conducting educational programs on the James River, as well as its ownership of approximately six acres of land adjacent to the river, made it a "person aggrieved," thus enabling it to challenge the adoption of two regulations related to the transportation of solid and medical waste on state waters. 63 Va. Cir. at 605. That holding cannot be made here.

From the affidavits submitted by the present appellants, it is obvious that neither The Chesapeake Bay Foundation nor Citizens for Stumpy Lake owns real or personal property that will be adversely affected by the Board's decision now in dispute. Unlike the association in *James River*, neither of the present appellants owns a boat, a truck, a canoe, or any other equipment used for educational or other purposes in or around the affected area. Nor does either appellant own real property in the area. They also have no pecuniary interest in the area. They simply have not shown the type of injury required to establish standing.

In making this ruling, the court is aware of appellants' reliance on *Mattaponi Indian Tribe v. Commonwealth*, 261 Va. 366, 541 S.E.2d 920 (2001), and its holding that four organizations, including The Chesapeake Bay Foundation, one of the appellants here, had standing to challenge the issuance of a permit for a public water supply project in Newport News. As appellees point out, that holding is not applicable here.

In *Mattaponi*, there was no challenge to The Chesapeake Bay Foundation's standing, or to the standing of the other organizations, based on § 62.1-44.29's requirement of an "actual or imminent injury" to those organizations. Instead, the issue was whether the claimed injuries to the

organizations, referred to in the opinion as the "Alliance," or to the Mattaponi Indian Tribe were "fairly traceable to the decision of the Board and not the result of the independent action of some third party not before the court," as also required by § 62.1-44.29, it being the appellees' argument that any injury suffered by the Alliance or Tribe would not be caused by the State Water Control Board's issuance of the permit, but by the *future* issuance of a permit by the Army Corps of Engineers. Specifically, the Supreme Court noted:

> In its demurrers, the Board, among other contentions, asserted that the state permit does not, of itself, authorize the reservoir project, pointing out that the "permitting authority" for the project belongs to the Corps [of Engineers]. According to the Board, any injury resulting to the Alliance or the Tribe from the project is as a result of the City's action following a decision made by the Corps. Therefore, said the Board, the protestants fail to meet the standing requirements of § 62.1-44.29. . . .

> The City said that any injury suffered is not caused by the Board's decision to issue the state permit, but only results from the Corps' decision to award a federal permit.

261 Va. at 374-75.

Then, after discussing the decisions of the trial court and Court of Appeals, including the holding of the Court of Appeals that the "alleged injuries are the result of the independent action of the Corps," 261 Va. at 375, the Court said:

> The central question for our decision then becomes: Did the Court of Appeals err in holding that the protesters' alleged injuries are not "fairly traceable to the decision of the Board," but will be "the result of the independent action" of the Corps, a third party not before the circuit court?

*Id.*

After determining that the Court of Appeals did err in that regard, and after noting that the organizations "plainly are 'persons' who participated in the public comment process," 261 Va. at 378, the Court observed:

> [I]t is unnecessary to restate the protesters' allegations to demonstrate they clearly establish the "injury in fact" prong of the

statute as well as the "redressibility" prong, *compliance with which the City has not challenged.*

*Id.* (emphasis added).

Thus, the precise issue now before this court was not decided in *Mattaponi* because it was not raised by the appellants in *Mattaponi* on appeal. Appellants have raised it here.

In *State Water Control Bd. v. Crutchfield*, 265 Va. 416, 578 S.E.2d 762 (2003), decided after *Mattaponi*, the Supreme Court sets out the criteria for determining whether an appellant has suffered an injury under § 62.1-44.29. Those criteria are consistent with the statements in *Pearsall v. Virginia Racing Comm'n*, quoted above, and with this court's holding in *James River*. Specifically, the Court said:

> For purposes of Article III standing, the "injury in fact" that must be established in a case involving a plaintiff's recreational and aesthetic interests is not injury to the environment, but injury to the plaintiff. ... This requirement precludes a plaintiff from alleging a generalized grievance to vindicate an interest shared by the entire public. ...
>
> A plaintiff must show that the alleged injury will affect him in a personal and individual manner.

265 Va. 427 (citations omitted).

Although the Court also said that "in 'environmental cases,' it generally is sufficient if a plaintiff establishes that he uses the affected area, and that he is a person 'for whom the aesthetic and recreational values of the area will be lessened' by the defendant's actions," *id.*, standing was found to exist in that case because:

> [P]etitioners' farm ... is contiguous to, and touches, the Pamunkey River. So situated, the farm is "[r]iparian land," and the petitioners are "[r]iparian owners" of that land. ... Riparian owners have the right to make reasonable use of the water flowing past their land, and they have a right to enjoy the recreational and aesthetic advantages that are conferred on such land adjoining a watercourse.

*Id.* at 427-28 (citations omitted).

If, as the present appellants argue, *Mattaponi* holds that they have standing simply because their members use the lake and surrounding area at issue here, there would have been no need for the Supreme Court in *Crutchfield* to talk about appellants' riparian ownership in the area at issue there. Moreover, if all that is required to establish standing is use of the waterway or surrounding area in question, *Crutchfield*'s observation that the Article III "injury in fact" requirement "precludes a plaintiff from alleging a generalized grievance to vindicate an interest shared by the entire public" is meaningless since there are few people who do not have at least some aesthetic or recreational interest in the environment. The court believes that more is required than what appellants have shown here. They do not have standing.