UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Ortiz and Senior Judge Annunziata
Argued at Fairfax, Virginia


JOHN K. LEO

MEMORANDUM OPINION[*] BY
v.      Record No. 1402-22-4          JUDGE DANIEL E. ORTIZ
OCTOBER 10, 2023

DANNAH A. LEO


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James P. Fisher, Judge

Ryan M. Schmalzle (Beckman Schmalzle Georgelas & Ross, PLC, on brief), for appellant.

Jacob E. Smith (John C. Whitbeck, Jr.; WhitbeckBennett, PLLC, on brief), for appellee.


A circuit court ordered John K. Leo ("husband") to pay Dannah A. Leo ("wife") $4,100 in monthly spousal support for ten years.  Husband appeals this order, arguing that the circuit court erred in determining the award's amount.  First, husband contends that the circuit court failed to properly account for wife's entire income and her actual need for support.  Second, husband argues that the circuit court valued indemnity provisions relating to wife's share of husband's military retired pay without hearing sufficient evidence regarding such provisions' value.  Because the circuit court did not err, we affirm.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

Husband and wife married on August 6, 2005 and separated on December 16, 2018. On April 24, 2019, wife filed for divorce. The parties agreed to the division of husband's military retired pay and their gross monthly incomes, but they did not agree on the amount and duration of wife's spousal support.[2] During trial, each party submitted income and expense statements.

After hearing the evidence and arguments, the circuit court considered each of the Code § 20-107.1(E) factors to determine spousal support. The circuit court found that husband had a "terrific capacity for earning income in comparison to the wife" and husband's financial resources "far outweigh[ed]" wife's resources. The parties' "substantially high standard of living" was another factor that the circuit court weighed "heavily." In addition, the circuit court noted that the parties had been married 13 years and wife was the sole custodian of one of the minor children who required extra attention. This custodial arrangement impacted wife's employment opportunities and earning capacity, which was another factor that the circuit court weighed "heavily." Finally, the circuit court found that husband "drove the expenses of litigation."

After finding that the factors weighed "greatly in favor of the wife," the circuit court entered a final order of divorce (the "divorce order"), which awarded wife $3,100 in monthly spousal support for ten years. As part of the divorce order, the circuit court also ordered the division of husband's military retired pay. To specifically address that pay, the circuit court also entered a "Court Order Assigning Military Retired Pay" (the "retirement order"), which included two

_____

[1] "When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, wife was the prevailing party.

[2] The parties agreed that wife would receive half the marital share of husband's military retired pay. The parties also stipulated that husband's gross monthly income was $16,246.99 and wife's gross monthly income was $6,295.83.

provisions that protected wife. The first required husband to indemnify wife "for any Military Retired Pay waived as a result of a disability election." The second prohibited husband from "making any elections . . . that in any way adversely affects the existence or amount of his Military Retired Pay or the rights of" wife. Husband appealed the divorce order and the retirement order.

On February 1, 2022, this Court reversed and remanded both orders. *See Leo v. Leo*, Nos. 0477-21-4 and 0478-21-4, 2022 WL 287027, at *3 (Va. Ct. App. Feb. 1, 2022). This Court held that the retirement order's two provisions requiring husband to indemnify wife and prohibiting him from making any election that adversely affected his military retired pay violated the United States Supreme Court's holding in *Howell v. Howell*, 581 U.S. 214 (2017). *Id.* at *2. Thus, the Court vacated the retirement order and remanded "for entry of a new order," and because of that remand, it reversed the spousal support award and remanded for the circuit court "to recalculate the appropriate amount after considering the corrected military pay order." *Id.* at *3.

At the remand hearing, the circuit court held that it would "read the mandate narrowly" by recalculating spousal support after correcting the retirement order. The circuit court asked the parties to "value . . . the marital share of the affected property" (i.e., husband's military retirement pay), which was now "unavailable as a distribution to the wife." The circuit court further asked how this change in marital distribution should impact the spousal support award. Husband argued that the two provisions "add[ed] no value" or "[t]o the extent it ha[d] any value, it's de minimus" value. Husband further explained that wife did not lose her interest in husband's military retired pay; she lost only the two provisions protecting her interest in such pay. The circuit court disagreed, stating that this Court's remand would be "futile" if the provisions had no value. The parties agreed that wife's share of husband's military retired pay as of the date of the hearing was $674 per month—sixteen percent of husband's retirement pay.

Husband admitted that he did not want a new evidentiary hearing on spousal support. Rather, he "just want[ed] to preserve [his] arguments" regarding spousal support that he had previously made on appeal. The parties and the circuit court acknowledged that this Court had not addressed the merits of husband's arguments regarding spousal support. Husband agreed that the circuit court could "readopt" its previous findings and not have "a whole trial," provided he could file objections. The circuit court allowed husband to orally restate his objections to the previous spousal support ruling, including his skepticism of wife's expenses as reflected in her income and expense statement.

For example, husband argued that such statement listed wife's credit card payments, which included charges for "groceries, lunches, [and] things like that" but that those expenses were also reflected on her income and expense statement. Furthermore, husband noted that this statement included wife's legal fees even though the circuit court had separately ordered husband to pay wife's legal fees. Husband also emphasized that this statement included the children's school tuition despite wife receiving two education savings accounts in equitable distribution to use for such tuition. Finally, husband challenged wife's donations for "church/charity," contending that he should not be responsible for a "compulsory religious donation." After subtracting these expenses, husband argued that wife did not really need spousal support. Wife contended the circuit court had already weighed this evidence and the Code § 20-107.1(E) factors.

After hearing the parties' arguments and reviewing their briefs, the circuit court ordered husband to pay wife $4,100 in monthly spousal support for ten years. In this order (the "remand order"), the circuit court adopted and incorporated its previous written findings regarding spousal support. The circuit court also directed the parties to strike the prohibited language from the retirement order and prepare a "new and corrected" order.[3] The circuit court further considered that

_____

[3] The record does not include a corrected retirement order.

wife was "in a position of a reasonably significant vulnerability" considering the "contingent nature of the military retirement benefit." Accordingly, the circuit court found it "equitable and just" to increase the spousal support award. The circuit court also ordered that the award was retroactive and directed the parties to determine the arrearage amount and submit an agreed order.[4]

When the parties could not agree, wife asked the circuit court for a spousal support order consistent with its remand order. Husband objected. On August 19, 2022, the circuit court entered the "Spousal and Child Support Order" (the "support order"). In the support order, the circuit court adopted and incorporated its prior findings and rulings regarding spousal support from both the divorce order and the remand order. The circuit court ordered husband to pay wife $4,100 per month for spousal support, beginning March 19, 2021, for ten years. It also found that the arrearages totaled $16,387 as of July 31, 2022 and ordered husband to pay $500 per month until fully paid. Twenty days later, husband filed objections and a motion to stay and reconsider. The circuit court did not rule on the motion. Husband appeals.

---

[4] On appeal, wife argues that husband's appeal is procedurally defaulted because he did not timely note his objections or appeal the remand order. We disagree because husband had made known his arguments during the remand hearing. If "a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." *Canales v. Torres Orellana*, 67 Va. App. 759, 771 (2017) (en banc) (quoting *Brown v. Commonwealth*, 279 Va. 210, 217 (2010)). Furthermore, the remand order was not a final order because it had directed the parties to finalize the outstanding arrearage issues and submit a new order. "A final order is one which 'disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment.'" *Kosko v. Ramser*, 299 Va. 684, 687 (2021) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). "Stated differently, an order that 'retains jurisdiction to reconsider the judgment or to address other matters still pending' is ordinarily not a final order." *Friedman v. Smith*, 68 Va. App. 529, 538 (2018) (quoting *Super Fresh*, 263 Va. at 561).

ANALYSIS[5]

I. Standard of Review

"The trial court has 'broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion.'" *Wyatt v. Wyatt*, 70 Va. App. 716, 719 (2019) (quoting *Giraldi v. Giraldi*, 64 Va. App. 676, 681 (2015)). "When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 435 (2020) (quoting *Dodge v. Dodge*, 2 Va. App. 238, 246 (1986)). "In determining the appropriate amount of spousal support, the trial court must consider the needs of the requesting party and the other spouse's ability to pay." *Wyatt*, 70 Va. App. at 719 (quoting *Alphin v. Alphin*, 15 Va. App. 395, 401 (1992)).

---

[5] On appeal, wife also argues that husband's appeal violated Rule 5A:20. We agree that husband's brief violates three subsections of Rule 5A:20. First, husband's brief does not contain a "clear and concise statement of the facts *that relate to the assignments of error*, with references to the pages of the record." Rule 5A:20(d) (emphasis added). While husband's brief has a statement of facts, such facts do not relate to his alleged assignments of error. Instead, his statement of facts discusses only the appeal's procedural history, while his argument section presents entirely new facts with no cites to the record or an appendix. Second, husband's brief does not contain a "short conclusion stating *the precise relief* sought." Rule 5A:20(f) (emphasis added). Rather, his brief concludes by simply stating that the circuit court erred and asking "this Court [to] entertain oral arguments." And lastly, husband's brief violates Rule 5A:20(h) by not containing a certificate stating the number of words contained in his brief. However, these violations are not sufficiently egregious to consider husband's assignments of error waived. *Compare Parks v. Parks*, 52 Va. App. 663, 664 (2008) (refusing to consider assignments of error where appellant did not present any legal authority to support her assignments of error), *with Jay v. Commonwealth*, 275 Va. 510, 520 (2008) (reversing this Court for treating "insignificant" violations of Rule 5A:20(d) as a bar to considering the merits of appellant's arguments).

## II. Spousal Support

Husband argues that the circuit court erred in determining the spousal support award because it failed to consider all of wife's income and limit her award to her actual need.[6] Essentially, husband contends that the circuit court erred by failing to properly consider the first factor enumerated in Code § 20-107.1(E). *See* Code § 20-107.1(E)(1). We disagree, however, because the circuit court must consider many factors—not just one—when awarding spousal support and it considered all such factors.

A circuit court must consider 13 different factors when "determining the nature, amount and duration of a [spousal support] award." *See* Code § 20-107.1(E). "While a trial judge must consider all the factors, the judge is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" *Pilati v. Pilati*, 59 Va. App. 176, 183 (2011) (quoting *Duva v. Duva*, 55 Va. App. 286, 300 (2009)). "What weight, if any, to assign to this [or that] factor . . . lies within the trial court's sound discretion." *Pilati*, 59 Va. App. at 183 (alteration in original) (quoting *Robbins v. Robbins*, 48 Va. App. 466, 481 (2006)).

---

[6] Wife argues that husband is prohibited from making these arguments because he previously made them in his earlier appeal of the divorce order. *See Leo*, 2022 WL 287027, at *1. We disagree. "In Virginia, an appellate mandate 'is the directive of the appellate court certifying a judgment in a particular case to the court from which it was appealed' and thus 'speaks only to that case.'" *Sidya v. World Telecom Exch. Communs., LLC*, 301 Va. 31, 41 (2022) (quoting *Powell v. Commonwealth*, 267 Va. 107, 128 (2004)). "While a trial court must obey 'both the letter and spirit' of an appellate mandate, the mandate rule only precludes the trial court from considering issues that 'the mandate laid at rest.'" *Id.* (quoting *United States v. Bell*, 5 F.3d 64, 66-67 (4th Cir. 1993)). "[T]he rule is 'merely a "specific application of the law of the case doctrine,"' which has the effect of foreclosing 'relitigation of issues expressly or impliedly decided by the appellate court.'" *Id.* (quoting *Powell*, 267 Va. at 128). As acknowledged by the parties and the circuit court, this Court did not consider the merits of husband's arguments in the previous appeal; instead, this Court specifically remanded the spousal support award for the circuit court to "recalculate the appropriate amount after considering the corrected military pay order." *Leo*, 2022 WL 287027, at *3. On remand, the circuit court reconsidered and recalculated the spousal support award according to this Court's mandate. We now consider husband's arguments on appeal, as they are properly before the Court.

Here, the circuit court considered all 13 factors and thus did not err. When issuing the divorce order, the circuit court considered each Code § 20-107.1(E) factor before awarding spousal support to wife. For example, the circuit court focused on husband having a "terrific earning capacity" relative to wife; husband having financial resources "far outweigh[ing]" wife's resources; the parties having "a substantially high standard of living" during the marriage; the marriage lasting 13 years; wife being the sole custodian of a minor child requiring extra attention; the custody arrangement impacting wife's employment and earning capacity; and husband driving the litigation's expenses. With these factors greatly favoring wife, the circuit court initially awarded wife $3,100 in monthly spousal support.

Then, the circuit court adopted and incorporated these previous findings and rulings into its remand order.[7] When issuing its remand order, the circuit court limited its focus to this Court's mandate—i.e., "to recalculate the appropriate [spousal support] amount after considering the corrected military pay order." To correct that order, the circuit court struck the indemnification clause and the prohibition against husband making any election that adversely affected his military retirement pay. The circuit court recognized that the now "contingent nature of the military retirement benefit" placed wife in "a position of a reasonably significant vulnerability."[8] Because of wife's "lack of certainty" concerning such retirement, the circuit court found that it was "equitable and just" to increase wife's monthly spousal support to $4,100. Code § 20-107.1(E) required the circuit court consider wife's changed interest in husband's military retirement pay. *See* Code

---

[7] Husband agreed that such adoption and incorporation was acceptable.

[8] For instance, wife received her interest in husband's military retirement pay when she was 45 years old. If wife lived another 30 years and had the indemnification provisions, her interest in the military retirement pay was essentially guaranteed to be worth over $240,000. However, since wife now lacks those indemnification protections, husband could—at any moment—convert his military retirement pay to disability. And if he did, wife's value in such retirement pay could decrease to $0.

§ 20-107.1(E)(1), (7), (8) (requiring a circuit court to consider the "financial resources of the parties, including . . . all pension, profit sharing or retirement plans, of whatever nature"; the "property interests of the parties, both real and personal, tangible and intangible"; and the "provisions made with regard to the marital property").

Despite this record, husband nevertheless contends that the circuit court erred by not considering wife's entire income. However, at the remand hearing, husband advised the circuit court that the parties had stipulated to wife's gross monthly income. Husband offers nothing on appeal to suggest that the circuit court did not consider this stipulated income when reconsidering the spousal support award on remand.

Husband also suggests that the circuit court erred by not limiting wife's spousal support to her demonstrated needs. Husband specifically argues that, because wife "double counted" some of her expenses, she does not really need spousal support. Yet husband again fails to show how the circuit court relied upon such duplicate expenses when awarding spousal support. Moreover, husband cites no authority suggesting that a court must determine a party's need on a dollar-by-dollar basis. In fact, this Court's precedent suggests otherwise. *See Robbins*, 48 Va. App. at 484 n.10.[9]

Ultimately, husband's arguments fail because they focus solely on one factor— wife's income and expenses—whereas the circuit court needed to—and in fact did—consider all 13

---

[9] In *Robbins v. Robbins*, this Court stated the following:

> While Code § 20-107.1(E)(1) requires the consideration of the "needs" of the "parties," the statute does not (as the child support statute does) create a mathematical formula primarily reliant on the input of financial data. Instead, § 20-107.1(E) requires only the factfinder to "consider" the estimated needs of the parties. By doing so, the statute thus authorizes a flexible, commonsense approach to this aspect of the factfinding exercise.

48 Va. App. at 484 n.10.

factors. Considering the totality of the record, the circuit court did not abuse its discretion by awarding wife spousal support in the amount of $4,100 per month for ten years.

### III. Indemnity Provisions

Husband argues that the circuit court erred in determining a value for the indemnity provisions in the retirement order without hearing evidence regarding the value of such provisions. He contends that the circuit court valued the indemnity clause at $120,000 because it increased wife's monthly spousal support by $1,000 for ten years. Husband asserts that without any evidence that valuation was "too speculative" because of the uncertainty of whether husband's retirement benefit would change. Husband conflates the new award of spousal support with a new valuation of the retirement pay. While the circuit court may have valued a marital asset—i.e., considering wife's "contingent nature" in husband's retirement pay to be less valuable—husband has not proven that the circuit court abused its discretion in valuing that asset. It did not set a specific value on the contingent nature of the retirement pay, instead it considered the uncertainty of the retirement funds when deliberating the statutory factors that establish the spousal support award.

As previously stated, when awarding spousal support, a circuit court must consider, inter alia, the parties' financial resources (e.g., retirement income), property interests (i.e., real, personal, tangible, and intangible), and equitable distributions of marital property. *See* Code § 20-107.1(E)(1), (7), (8). Despite husband's claims,[10] the record does not show that the circuit court abused its discretion in valuing this asset.[11] Rather, when determining the spousal support

---

[10] Husband cites this Court's opinion in *Gologanoff v. Gologanoff*, 6 Va. App. 340, 349 (1988), to support his claim that the circuit court needed sufficient evidence to value the stricken retirement order provisions. However, the husband's cited authority speaks to Code § 20-107.3 (dealing with equitable distribution of marital property)—not Code § 20-107.1 (dealing with spousal support). *See Gologanoff*, 6 Va. App. at 349-50.

[11] Again, as illustrated by footnote 8, prior to this Court's remand, wife's interest in this asset reasonably could have been worth more than $240,000. However, based upon the circuit

award, the circuit court considered wife's changed interest in husband's military retirement pay. And since the circuit court properly considered this changed interest alongside the other statutory factors, it did not abuse its discretion with its spousal support order.

## IV.  Appellate Attorney Fees

Wife requests an award of attorney fees and costs incurred on appeal.  "This Court has discretion to grant or deny attorney's fees incurred on appeal."  *Stark v. Dinarany*, 73 Va. App. 733, 757 (2021).  "In making such a determination, the Court considers all the equities of the case."  *Id.*; *see also* Rule 5A:30(b).  On consideration of the record before us, we deny wife's request for an award of appellate attorney fees and costs.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

*Affirmed.*

court's recalculation, wife's interest in this asset cannot possibly exceed $120,000.  Based upon husband's arguments and cited authority, we cannot say the circuit court abused its discretion.